R. A. CRAWFORD, Trustee, Appellant, v. E. R. MASON AND THE CITY OF DES MOINES.

**Special Assessments:** REASSESSMENT: LIABILITY OF CITY. The holder of a certificate for street improvement has no right of action thereon against the city because of its failure to make a reassessment under Code, section 836, the original assessment having been declared invalid on the ground that plaintiff failed to perform his contract.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

FRIDAY, MARCH 11, 1904.

ACTION to recover from the defendant, the city of Des Moines, the amount of a certificate for curbing, issued by the city to Fred Stehm, of which plaintiff is now the owner by assignment. A demurrer to the petition was sustained, and, plaintiff electing to stand upon his pleading, judgment was rendered for the defendant, from which plaintiff appeals.— *Affirmed.*

*J. K. Macomber* for appellant.

*W. H. Bremner, Moses Cohen,* and *R. B. Alberson* for appellees.

McCLAIN, J.—The certificate on which action is brought represents the special assessment of the property of one Mason for curbing, which was set aside in an action by Mason against the city of Des Moines *et al.,* determined on appeal in this court, the action of the trial court in setting aside the assessment and canceling the certificate being affirmed. See *Mason v. City of Des Moines,* 108 Iowa, 658. The theory on which plaintiff seeks to recover judgment against the city in this action for the amount of the certificate is that, although the assessment was declared invalid for failure of the contractor to comply with the contract, yet the curbing which the contractor put in has remained as a permanent improvement to Mason's property, and is of some value; and that the city should have reassessed the property for the reasonable value of such curbing, and, having failed to do so, is liable to the holder of the certificate for the amount which could have been collected by the city for his benefit. Although Mason was originally made a party defendant, any cause of action against him has been abandoned in this case by the filing of an amended petition in which the sole right of recovery alleged is against the city.

Counsel for appellant relies on the case of *Ft. Dodge Electric Power & Lighting Company v. City of Ft. Dodge,* 115 Iowa, 568, and other cases, some of which are therein

cited, in which it is held, in substance, that when a city, having the power to make a special assessment against property for an improvement, negligently fails to perform its duty to the contractor, and by its action releases the property from liability for such an assessment, the contractor may have his remedy against the city for the damages resulting from such neglect. In this case, however, the city did make an assessment, and did everything within its power to collect from the property owner the amount called for by the certificate, and the property owner escaped payment on the ground that the assessment was invalid. The only claim there can be of negligence on the part of the city is that a reassessment could have been made. It is clear, therefore, that, if the case was not a proper one for reassessment, appellant has no ground of complaint. The statutory provisions in regard to reassessment in force at the time when, as it is claimed, reassessment should have been made, are found in chapter 44, page 65, of the Acts of the Twenty-Second General Assembly, now substantially embodied in Code, section 836, and it is there provided, in substance, that whenever, by reason of an alleged nonconformity to any law or ordinance, or by reason of any omission or irregularity, a special assessment is invalid, the city council may make all necessary orders and ordinances and take all necessary steps to correct the same by reassessment and levy, with the same force and effect as if made at the time provided by law or ordinance. The evident purpose of the statute is to provide for making reassessment where a valid assessment might have been made in the first place; but we know of no authority under which an assessment can be made, save for the proportion of the expense of the improvement which is incurred in accordance with the proceedings for an assessment involving a valid contract entered into as provided by law. The certificates to be issued to the contractor are certificates for money due to him for performance of his contract. In regard to this assessment, it has been determined that no money was due under the certificate in question, because the contractor had not complied with the con-

tract, and for that reason the assessment, as originally made, was held to be invalid. We cannot see how a reassessment, had it been attempted, would have possessed any greater validity than the original assessment. There is no indication in the statute of any intention to give the city council authority to assess a *quantum meruit* where the contractor is not entitled to compensation under his contract. How could the city council proceed to determine how much the contractor was entitled to receive for work done not in accordance with the terms of his contract? The whole proceeding for the levy of special assessments is predicated upon the performance by the contractor under a contract duly entered into. Whatever might be the rights of the contractor, as against Mason, to recover a *quantum meruit,* we think it is plain that no such right of action accrued against the city, for the sole obligation of the city was to levy and collect an assessment as provided by law. *Harmon v. Omaha,* 53 Neb. 164 (73 N. W. Rep. 671). The city was not bound to pay for curbing in front of Mason's property out of its general funds, and never undertook to do so. It had attempted to collect an assessment made in the regular manner, and the court had declared the assessment invalid, not on account of any negligence or irregularity on the part of the city, but on account of the contractor's own fault in failing to comply with his contract. The duty of the city had been fully discharged.

The view which we have taken of the case renders it unnecessary to decide whether appellant should have relief by mandamus rather than by action against the city to recover damages; but it may properly be suggested that in the *Ft. Dodge Case,* above referred to, no remedy by mandamus was available, and that, where the party complaining could have secured relief by compelling action by the city council in a proper case, he should resort to that remedy rather than to a suit for damages. If a reassessment had been proper, the city council could, no doubt, have been compelled to make it in a proper proceeding. *People ex rel. v. Syracuse,* 144 N. Y.

63 (38 N. E. Rep. 1006); *City of Greencastle v. Allen,* 43 Ind. 347; *Fletcher v. Oshkosh,* 18 Wis. 228; *Reock v. Newark,* 33 N. J. Law, 129. It may be that in the original action by Mason to set aside the assessment for fraud, the contractor might have had compensation from Mason for the value of the curbing as actually constructed. See cases cited in note to 56 L. R. A. 916. But no such relief was asked in that case. Certainly the contractor or his assignee, after failure to seek such relief in that manner, cannot now recover against the city.

The lower court was right in sustaining the demurrer, and its judgment in favor of defendant is AFFIRMED.