SNOUFFER & FORD, Appellants, v. W. A. GROVE and CLARA B. GROVE, Appellees.

**Municipal corporations:** STREET IMPROVEMENTS: LIABILITY OF PROP-ERTY OWNERS. Property owners are not personally liable for the construction of a sidewalk in front of their property, pursuant to a contract made with the city therefor, either on the ground of the city's agency for them, or upon *quantum meruit* for the value of the services rendered in an attempted compliance with the contract, and no lien can be established against their property therefor; especially where the city has been perpetually enjoined from levying special taxes to pay the cost of the improvement because the work was defectively performed, and even though the contractor offers to reconstruct the work in conformity with his contract with the city.

*Appeal from Cedar District Court.*— HON. F. O. ELLISON, Judge.

TUESDAY, JULY 7, 1908.

REHEARING DENIED, TUESDAY, SEPTEMBER 29, 1908.

THE opinion states the material facts.— *Affirmed.*

*Redmond & Stewart* and *Wright, Leech & Wright,* for appellants.

*France & Rowell* and *I. J. Hamiel,* for appellees.

WEAVER, J.— In December, 1902, the city of Tipton, acting by its council, let to the plaintiffs herein a contract to pave certain streets. When the work had been completed, and before certificates of special assessment for the cost thereof had been issued, certain property owners within the improvement district brought an action in equity making the city, its council, and the contractors parties defendant, al-

leging that the work had been defectively and improperly done, and asking that the city and its officers be forever enjoined and restrained from making such assessments, and that, if such assessments had already been made, they be set aside.    Snouffer & Ford took issue upon the claim, denying the same, and by cross-petition alleged the full performance of their contract, and demanded that the city be ordered and adjudged to make payment according to the agreed terms. The trial court dismissed the bill, and found the contractors entitled to the relief demanded in their cross-bill.    On appeal to this court, the decree of the district court was reversed, and it was adjudged that the contract had not been substantially performed, and that the city be permanently enjoined from making any assessment for payment to the contractors of the cost of said work, and from issuing to them any certificates of such assessment.    See *Wingert v. Tipton,* 134 Iowa, 97.

After said decision was rendered, the contractors began this action in equity against the defendants as owners of property which abuts upon the improvement, and would have been liable to assessment therefor but for the decree aforesaid.    The petition sets up the letting of the contract, the performance of the work, and the decree of this court restraining the levy and collection of special assessments to pay the contract price.    It alleges, however, that under the terms of plaintiff's contract with the city they had the right, in case their work proved to be in any respect defective, to reconstruct and put the pavement in proper condition under the direction and oversight of the proper city officers, and that, after the final decision in the *Wingert* case, they served written notice upon the city of their readiness and ability to proceed and perform the work of reconstruction, but the city had ignored their offer, and failed to designate or point out the work to be done.    They further allege that the reasonable value of the improvement made by them (referring, we presume, to that part of the pavement bordering upon the defendants' property) was and is $310, which sum is due

and owing to them from the defendants, and they ask a personal judgment therefor, and that it be made and established as a lien upon the property. To this petition the defendants demurred, because the facts stated do not entitle plaintiff to the relief demanded. Other special grounds were assigned, but it is not necessary to here set them out. The demurrer being sustained, and plaintiffs electing to stand on their pleading without further amendment, the petition was ordered dismissed, at plaintiff's costs. It is this ruling we are called upon to consider.

We have carefully reviewed the record and arguments of counsel, and are united in the opinion that the conclusion announced by the trial court is clearly correct. It is to be noted at the outset that the city of Tipton is not a party to this action, and we cannot here undertake to decide whether anything remains unadjudicated between the appellants and that municipality with reference to their claim for compensation. The single inquiry now to be answered is whether any right of action is stated against the defendants here named as individual owners of property within the improvement district. To sustain such an action, it would seem imperative that we find some basis for it in contract, express or implied, or in some statute (if such statute can be constitutionally enacted), and, if no such basis can be found, there can be no recovery. Most certainly there has been disclosed no contract obligation on part of the property owners. They did not employ the contractors, nor did they in any manner promise to pay the price agreed upon between the contractors and the city. They had no choice whether the pavement should be laid, if the city by proper action saw fit to order it. While in a certain vague and remote sense it is sometimes said that a municipality is the agent of its people, no one has ever gone to the extreme of suggesting that its agency is of such comprehensive character that its individual citizens may be held personally liable upon its contracts, or upon a *quantum meruit* for the value of services rendered in an attempted

compliance with such contract.    If a county contracts a debt
for a courthouse or a city becomes indebted for a city hall or
for borrowed money, the creditor may place his claim in judg-
ment, and by proper procedure compel the levy of a tax for
the discharge of its claim, and this tax will be a lien upon all
the real property within the jurisdiction, but the doctrine of
agency cannot be so far extended as to permit the creditor to
have an action against the individual taxpayer for his sup-
posed fractional share of the debt thus contracted.

Nor are we cited to any statute which attempts to pro-
vide such remedy.    It is true, of course, that we have a
statute by which a city may order the paving of its streets
and provide for the assessment of the expense so incurred
upon the property abutting on the improvement, but the con-
tractor to whom the work is let is given no recourse upon the
individual citizen or upon his property until the work has
been done, the statutory conditions precedent complied with,
and special assessment made and proper certificates issued
therefor.    The authority to make such assessment and to en-
force its payment is referable solely to the power of taxation,
and the liability to pay such tax or assessment does not arise
in favor of the city, and still less in favor of the contractor un-
til the same has been levied in substantial compliance with the
statute.    In other words, the contractor's right, if he has any,
to have the private property of the individual citizen sub-
jected to the payment of his claim, must be worked out
through the action of the city and its power of taxation.    The
soundness of this proposition is not in our judgment open to
question.    To hold with the appellants in this case would
require us to ignore the fundamental rule just suggested, and
to announce the strange doctrine that, when a contractor has
so far failed to perform his contract that the court perma-
nently enjoins the special assessment of the cost so incurred
upon the adjacent property, he may then proceed by action
against the individual owners of the same property, and be

decreed the equivalent of such special assessment to which it has been adjudicated he is not entitled.

But counsel say the statute makes the contractor's claim a lien upon the property to be benefited thereby even before the assessment or levy is made. This claim is based on Code, section 816, which provides that when the contract has been let, and the clerk of the city has filed a proper certificate of the proceedings with the county auditor, all special taxes for the cost of the improvement which are to be assessed and levied against real property shall become and remain a lien on such property from the date of the filing of said papers. The effect of this statute is simply to make the special tax when duly assessed according to law a lien from the date of filing the certificate. It fixes a date back to which the lien of the tax will relate when it shall be properly assessed and levied. It follows of necessity that, if for any sufficient reason it shall be duly adjudicated that a special tax cannot be levied or enforced for the cost of a given improvement, and the assessment thereof is forever enjoined, then no lien exists or can exist in favor of any one. Stated otherwise, the lien provided for is the lien of a tax, and, if there be no tax levied or leviable, there is and can be no lien.

Nor can we say that the situation as to property owners is in any manner changed or modified by the act of appellants in offering to reconstruct or repair the pavement to comply with the contract. The property owners have no control over the streets or over the action or discretion of the city council. They cannot accept or reject the contractors' offer to remedy the defects in the pavement. Their property can be made liable for this cost only through the process of taxation. The power of taxation is in the city alone (subject of course to judicial review), and the city has been permanently enjoined from exercising that power. Indeed, we have expressly held that the city itself has no power to reassess and charge adjacent property for the reasonable value of an improvement for which it has been adjudged the contractor is not entitled

to compensation under his contract. The *quantum meruit* rule has no application against the property owner with whom the contractor has no contract relation, express or implied. *Crawford v. Mason,* 123 Iowa, 301. These propositions appear too clear to us to require further discussion.

The ruling of the district court is right; and it is *affirmed.*