Barber Asphalt Paving Company, Appellee, v. City of Des Moines, Appellant.

**MUNICIPAL CORPORATIONS:** Public Improvements—Failure to
1  **Levy Assessments and Deliver Certificates.** The act of a city in delaying, through its public officials, the fulfillment of its contract obligation to levy special assessments to the full amount of the contract price and interest, if any, and to deliver assessment certificates to a nondefaulting paving contractor, until jurisdiction to levy such assessments is wholly lost, arms the contractor with right to recover, not through mandamus proceedings, but *directly* against the city, the amount of the omitted assessments and omitted interest.

**ESTOPPEL:** Elements—Nonchange of Position. The acceptance by a
2  paving contractor from a city of paving certificates in an amount insufficient to meet the terms of his contract will work no estoppel to proceed directly against the city for reimbursement for the deficiency, when it appears that the city has in no manner changed its position by reason of such acceptance.

**LIMITATION OF ACTIONS:** Litigation Tolling Statute. The statute
3  of limitation on an action to recover directly from a city for the amount of special assessments which the city failed to levy in accordance with its contract is tolled during the pendency of litiga-

tion involving the issue whether the contractor had substantially performed his contract.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

JUNE 25, 1921.

ACTION in equity to recover an amount equal to a special assessment of $359.49, with interest thereon, and also an amount equal to the interest on a paving contract, which interest was not included in assessment certificates. Appeal from judgment in favor of plaintiff. Facts appear in the opinion.—*Affirmed.*

*Charles W. Lyon, Edwin J. Frisk, Chauncey A. Weaver,* and *Russell Jordan,* for appellant.

*Sargent, Gamble & Read,* for appellee.

ARTHUR, J.—Plaintiff's petition is in two counts. In the first count, it seeks to recover judgment against the defendant for the amount, with interest, of a special assessment certificate issued and delivered by the city of Des Moines

1. MUNICIPAL CORPORATIONS: public improvements: failure to levy assessments and deliver certificates.

to plaintiff, pursuant to a contract for the construction of pavement on one of the streets of the defendant city, which special assessment was held to be invalid because of failure of jurisdiction, the property known as the Hurley property, mentioned in the assessment being held not subject to assessment.

In the second count of its petition, plaintiff asked judgment against the city of Des Moines for an amount equal to the amount of interest on the contract price for the period from June 24, 1908, to December 31, 1913. The basis of this claim is that the plaintiff was entitled to 6 per cent interest on the contract price for paving, and was defeated in its right to receive and have the same, because of the failure of the city to include the accrued interest in the assessment certificates issued by the city in settlement under the contract.

Defendant set up three defenses:

(1) That the plaintiff is estopped from maintaining this action.

(2)   That plaintiff's cause of action is barred by the statute of limitation.

(3)   That the matters relied upon by the plaintiff to support its cause of action have been adjudicated.

The district court entered decree and judgment in favor of plaintiff for the amount claimed in its petition.

Plaintiff company contracted with the defendant city to do some paving. Under the contract, plaintiff was to be paid by special assessment certificates, bearing interest at the rate of 6 per cent from the date of their issue. The work under the contract was completed on August 13, 1907; and on June 24, 1908, the defendant city accepted the work, and on that same day levied assessments and delivered assessment certificates to the plaintiff, dated June 24, 1908, and bearing interest at the rate of 6 per cent from and after that date. A large number of property owners appealed from the assessment, alleging, among other things, that the city council had not taken the proper jurisdictional steps to enable it to levy a valid assessment, and also that the contractor (this plaintiff) had not performed its contract so as to become entitled to payment for doing the work. On appeal of the property owners, the Polk County district court set the assessments aside, and from that decree an appeal was prosecuted to this court, which affirmed the decree of the lower court on the sole ground that the city of Des Moines had not taken the necessary jurisdictional steps to have acquired power and authority to levy the assessments. See *Gilcrest & Co. v. City of Des Moines,* 157 Iowa 525. The special assessment certificates issued pursuant to the levy were thereby rendered invalid; but this court held that the city of Des Moines could lawfully take further proceedings leading to an assessment, by taking the necessary jurisdictional steps. *Gilcrest & Co. v. City of Des Moines,* supra.

Pursuant to the opinion of this court handed down on October 25, 1912, the city of Des Moines did, on the 31st day of December, 1913, reassess the property liable to assessment for the paving, with the exception of the Hurley property, and delivered to the Barber Asphalt Paving Company a new set of paving assessment certificates, dated December 13, 1913, and bearing interest at the rate of 6 per cent from that date.

The first count of plaintiff's petition is based on the failure of the city to furnish to defendant a valid certificate in the amount of $359.49 for paving in front of the Hurley property. The defendant city did not include in the second assessment the amount of interest on the contract price for the period of from June 24, 1908, the date of the original certificates, which were adjudged invalid, to December 31, 1913, when the second issue of certificates was made. The failure to include this interest is the basis of plaintiff's cause of action, alleged in the second count of its petition. The second assessments made and certificates issued were also involved in litigation growing out of the appeal of property owners, and were finally confirmed as valid by this court on the 12th day of March, 1917. In that litigation, the question of whether or not the contract had been performed was the issue, and it was determined favorably to the contractor. See *Gilcrest & Co. v. City of Des Moines*, (Iowa) 161 N. W. 645 (not officially reported).

It is undisputed, since determination in the second *Gilcrest* case, that the Barber Asphalt Paving Company performed its contract; and it is undisputed that it has never been paid the full amount due as the contract price. It is also undisputed that interest on the contract price from June 24, 1908, the date of the first assessment and issuance of the first certificates (which were held invalid by the decision of this court rendered October 25, 1912), to December 31, 1913, the date of the reassessment and of the second issue of certificates, was not included in the amount of the second assessment, and the contractor has not been paid that interest.

This suit was commenced August 30, 1917. In the first count of its petition, the plaintiff asked judgment for $359.49, together with interest at 6 per cent from June 24, 1908. The basis of this claim is the fact that the original Hurley assessment was invalid, and was not reassessed, and that the contractor, having performed its work under the contract, is now entitled to judgment for the amount of the Hurley certificate, with interest, as adjudicated in the *Gilcrest* case.

In the second count of this petition, the plaintiff asks judgment for an amount equal to 6 per cent on the amount of the contract price (less the amount of the Hurley certificate) for

the period from June 24, 1908, to December 31, 1913, the last date being the date of the second assessment and of the issue of the second set of certificates. It is clear from the record that the plaintiff has not received, by certificates or otherwise, the amount of the Hurley assessment originally made, in the amount of $359.49. It also clearly appears that, by failing to take the proper steps, the city lost jurisdiction to levy an assessment against the Hurley property. In the *Gilcrest* case of 1912 (157 Iowa 525), concerning the assessment against the Hurley property, we said:

"The owners of one or two of the lots did not petition for the improvement, and no conduct on their part is shown on which a waiver or estoppel can be predicated. As to these lots [referring to the Hurley lots], the assessments are entirely void, and not merely erroneous. This defect is chargeable to the city or its officers, and not to the contractor; and, in the event that, upon further hearing, it is found that the contract has been substantially performed, then, so far as the cost of the improvement would otherwise have been chargeable upon these lots, the contractor will be entitled to judgment against the city."

In the second *Gilcrest* case, wherein the decision was made on March 12, 1917, it was found that the Barber Asphalt Paving Company had performed its work according to its contract with the city; and that was all that was wanting to establish liability of the city for the amount of the Hurley assessment and interest thereon.

In making the second assessment, of December 31, 1913, the city failed to include in the assessment and the certificates issued in pursuance of the assessments an amount equal to interest at 6 per cent on the contract price: that is, the portion of the contract price not already received by certificates which were not contested, from June 24, 1908, the date of the original issue of certificates, up to December 31, 1913, the date of the second issue. The Barber Asphalt Paving Company had completed its work, and the work had been accepted on June 24, 1908. The certificates then issued, which were adjudged invalid, bore interest at 6 per cent. Manifestly, the second issue of certificates, made on December 31, 1913, should have been for the amount of the original certificates, less certificates on assess-

ments not contested and paid, and less the Hurley assessment, if the city is liable therefor, plus 6 per cent interest from the date of the original issue, June 24, 1908. No reason is given by the city why such interest was not included in the second issue of certificates. For aught that appears, it was pure neglect. The failure to include such interest in the second assessments would seem to be a breach of the contract between the city and the contractor.

The defense of adjudication pleaded by defendant against plaintiff's claims is apparently abandoned by defendant. It is not argued. It is without merit. The adjudication is in favor of appellee, and in no particular sustains the defense.

Another defense urged is estoppel. Defendant's plea of estoppel is based on what it claims to be a delivery of the certificates to the plaintiff, and plaintiff's acceptance thereof, without

2. ESTOPPEL: elements: non-change of position.

protest that the certificates were not for the full amount of the contract price. We think the city failed to establish its defense of estoppel. The burden was on the defendant city to establish such defense, and it has failed to do so. Under the decision in the first *Gilcrest* case, the question of the right of recovery of the Barber Asphalt Paving Company against the city for damages resulting from its failure to levy a valid assessment in the first instance was postponed, pending a determination of the question of whether or not the contractor had performed its work under the contract. Under these circumstances, and because of this decision, binding on both parties, no estoppel would arise by implication. Acceptance of the certificates, which were for smaller amounts than were due the contractor, resulted in no damage to the city. The contractor did not cause the city to assume a position detrimental to the city. And, too, we think it is fairly shown in the evidence that the contractor, through its representatives, did protest, if not at the exact time of receiving the second issue of certificates, then shortly thereafter, that the certificates did not include the amount of the Hurley assessments, and did not include interest on the original certificates. The city was not damaged by any act on the part of the contractor in receiving the certificates delivered to it. The city, through its officers, well knew that the certificates did not in-

clude the Hurley assessments nor any interest. We conclude that the plea of estoppel is not well taken, and is not proven.

The further plea of bar of the statute of limitation is to be considered. Counsel for defendant city insist that the statute began to run when the original certificates were issued, on June 24, 1908. Plaintiff's position is that the statute did not commence to run against the claim of plaintiff, by reason of the invalidity of the Hurley certificate, until March 12, 1917, the date of the decision of this court, holding that the work had been performed under the contract; that the statute did not begin to run because this action could not have been maintained before that decision, for the reason that, until such decision, it was not determined that the contractor had performed its work, as provided by the contract; that, until such decision, the question of whether the contractor had performed its work properly and in accordance with the contract was pending, and necessarily postponed. The same contentions are made by each party as to the claim for interest in the second count of plaintiff's petition. It is obvious that these claims could not have been maintained in a suit by plaintiff until it had been established that the work under the contract had been performed, and that question was not finally established until the decision of this court in the second *Gilcrest* case, rendered March 12, 1917. The pendency of the litigation involving all these questions, up to March 12, 1917, operated to toll the statute at least, and we think that under no theory can it be said that the statute of limitation barred the claim within less than five years after the final decision of the *Gilcrest* case, on March 12, 1917.

Objection is urged to the procedure adopted in the instant case, the defendant city saying that the only remedy of the contractor, this plaintiff, was by mandamus, to compel the city to act. This issue does not seem to have been raised in the pleadings, nor in any way in the presentation of this case to the lower court. However, the defendant city's position in this respect is not well taken. It may be conceded that generally the remedy is by mandamus, to compel a municipality to proceed to levy sums sufficient to satisfy the requirements of a contract for an improvement. As to plaintiff's claim, based on the

3. LIMITATION OF ACTIONS: litigation tolling statute.

invalid Hurley certificate, mandamus would not lie, because the city, through its negligence,—its failure to obtain jurisdiction to levy the assessment,—had entirely lost its power to make an assessment against the Hurley property. The city did proceed, pursuant to the decision in the first *Gilcrest* case, to make a new assessment, covering former assessments other than the Hurley assessment, but failed and neglected to include interest due the contractor; and mandamus was not necessary. Plaintiff's cause of action is based on the failure and neglect of the city to perform its obligations and contract, in the procedure that it took, to afford plaintiff full compensation under its contract. This is not a case where the city undertook to do something which it could not do, and which the party contracting with it was bound, as a matter of law, to know that it could not do. Here, the city could have done what it agreed to do: that is, what it agreed to do, if not by the written contract, certainly by implied contract,—to make a valid assessment on the abutting property for the cost of the improvement; and it failed to do so. The Barber Asphalt Paving Company, contractors, had no control over the method of determining what part of the cost should be assessed against each property owner, nor over the method of issuing certificates. .

In the instant case, the contractor, by reason of the wrongful action of the city, was unable to realize on the Hurley certificate issued to it in the amount of $359.49 and interest thereon, and we think he has a right to recover this amount from the city. The failure of the city to create and issue a valid certificate of assessment on June 24, 1908, as to the Hurley property, was a breach of the contract between it and the Barber Asphalt Paving Company, entitling the contractor to damages sustained by such failure on the part of the city. *Gilcrest & Co. v. City of Des Moines*, 157 Iowa 525; *Ft. Dodge E. L. & P. Co. v. City of Ft. Dodge*, 115 Iowa 568; *Turner Imp. Co. v. City of Des Moines*, 155 Iowa 592; *Bucroft v. City of Council Bluffs*, 63 Iowa 646.

As a matter of general law, and by Section 825, Code Supplement, 1913, and by adjudication in the *Gilcrest* cases, the Barber Asphalt Paving Company was entitled to recover the amount of the Hurley certificate, to wit, $359.49, with interest

at the rate of 6 per cent from and after the 24th day of June, 1908. Also, under the contract, and as a matter of law, the Barber Asphalt Paving Company was entitled to receive 6 per cent interest on the contract price from and after the date of acceptance of the work by the city, which was done June 24, 1908; and the city should have included interest from June 24, 1908, to December 31, 1913, in the second assessment. *Gilcrest & Co. v. City of Des Moines,* 157 Iowa 525; *Gilcrest & Co. v. City of Des Moines,* (Iowa) 161 N. W. 645 (not officially reported) ; Section 825, Code Supplement, 1913.

We come to the conclusion that the defendant city breached its contract, if not its expressed contract, its implied contract, by failing and neglecting to make a valid assessment against the Hurley property, and to deliver to the plaintiff a valid certificate, and also to include in the second assessment an amount equal to interest on the original certificates, which were held invalid, and for which the second series of certificates was issued. We therefore hold with the lower court that plaintiff has made out a case entitling it to recover on both counts of its petition. Accordingly, the judgment and decree of the lower court are affirmed.—*Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.