WESTERN ASPHALT PAVING CORPORATION, Appellant, v. CITY OF MARSHALLTOWN et al., Appellees.

**MUNICIPAL CORPORATIONS: Special Assessments—Timely Objections.** Objections to a proposed special assessment by a city council for paving are timely when filed by the property owner *prior* to the date for filing such objections, as specified in the published notice of the proposed assessment, even though such filing was more than 20 days after the first publication. (Sec. 6026, Code of 1924.)

**MUNICIPAL CORPORATIONS: Special Assessments—Appeal—Notice —Proper Addressee.** A notice of appeal to the district court from the levy of special assessments by the city council for paving is all-sufficient (Sec. 839, Code of 1897), when addressed to the city by name, even though such notice is served upon the mayor of the city, to whom it was not addressed. (See Book of Anno., Vol 1, Sec. 6064; Sec. 12837, Anno. 31 *et seq.*)

**MUNICIPAL CORPORATIONS: Special Assessments—Appeal—Effect on Assignee of Prematurely Issued Certificates.** The assignee of paving assessment certificates who takes his assignment during the pendency of an appeal to the district court by the property owners (the certificates being prematurely issued) is bound, so far as the property owner is concerned, by the final decree on appeal, even though he was not a party to such appeal.

**PLEADING: Irrelevant Matter—Motion to Strike.** In an action to set aside decrees canceling certain assessments for paving, because of failure to substantially perform the contract, a cross-petition repleading the formerly sustained plea of ''failure substantially to perform the contract'' should be stricken on motion; because, if the decrees were *valid*, such repleaded matter effected nothing, and if the decrees were *invalid*, the court had no jurisdiction to entertain the plea, as the time within which to present such a plea had expired. (But see Book of Anno., Vol. 1, Sec. 11197.)

**MUNICIPAL CORPORATIONS: Special Assessments—Fraudulent Failure of City to Defend Assessments—Effect.** When a paving contract has in fact been performed, and the work has in fact been accepted by the city and assessments made on private property, the conduct of the city in *fraudulently* conniving, on appeal by property owners, in the entry of a decree that the contract had not been substantially performed, renders the city personally responsible for the loss suffered by the contractor or his assignee. (See Book of Anno., Vol 1, Sec. 6018, Anno. 1 *et seq.*)

EVANS, J. dissents.

Headnote 1: 28 Cyc. p. 1175.  Headnote 2: 3 C. J. p. 1236; 28 Cyc. p. 1183.  Headnote 3: 28 Cyc. p. 1170 (Anno.)  Headnote 4: 31 Cyc. p. 622.  Headnote 5: 28 Cyc. p. 1060.

Headnote 1: 25 R. C. L. 158.

*Appeal from Marshall District Court.*—J. W. WILLETT, Judge.

JANUARY 19, 1926.

OPINION ON REHEARING JULY 1, 1927.

Action in equity by the assignee of certain paving certificates against the owners of property assessed, to set aside decrees entered in favor of the property owners on appeals from the assessment, on the ground that the decrees were void for want of jurisdiction in the court to hear and determine the appeals, and against the city to recover, in case the original decrees were upheld, the amount of the certificates.  Further facts are stated in the opinion.  The trial court sustained the city's demurrer to the petition, and on a trial dismissed the petition as to the defendant property owners, and awarded the latter relief on their cross-petitions.  The plaintiff appeals.—*Affirmed in part; reversed in part.*

*C. H. E. Boardman* and *W. A. Helsell,* for appellant.

*Robert E. Johnson,* for City of Marshalltown, appellee.

*Roy L. Pell,* for Treasurer of Marshall County, appellee.

*E. N. Farber,* for T. C. Weatherly, A. Janney, S. R. Teeple, Executor, Rhode M. Hobbs, S. S. Swanson, W. K. Phillips, Nellie Auldt, and Ira McCool, appellees.

*J. J. Wilson,* for all other appellees.

VERMILION, J.—The plaintiff is the assignee of certain paving certificates issued by the city of Marshalltown in 1918 to the Western Construction Company, a paving contractor, for the payment of a portion of the cost of a street improvement constructed under contract with the city.

The defendants, other than the city and the county treasurer, are owners of property against which assessments were levied, who appeared before the city council and filed objections to the assessments. The objections were overruled by the council, the assessments were confirmed, and the certificates issued. Such property owners purported to appeal in due time to the district court from the action of the city council. The city appeared in the district court, where the appeals were consolidated for the purpose of trial, and upon a trial, the property owners prevailed. There were decrees sustaining the objections, finding that the paving contract had not been substantially performed, and canceling the certificates.

By this proceeding the plaintiff challenges the validity of the decrees, for want of jurisdiction in the court to entertain the appeals and enter the decrees. This attack is upon two grounds: (1) That the property owners waived their right to file objections before the city council, in that the objections were not filed within the 20-day period provided by Section 823, Code of 1897, and that the city council had no jurisdiction to hear objections filed after the expiration of that period; (2) that the property owners failed to perfect valid appeals to the district court, in that the notices of appeal, though served upon the mayor, as required by statute, were addressed only to the "city of Marshalltown," and that the district court, therefore, acquired no jurisdiction to pass upon the appeals.

I. Section 823, Code of 1897, required the city council to give at least 10 days' notice, by publication and posting, that, within 20 days after the first publication, all objections to the assessments must be made in writing and filed with the clerk. The council caused to be published and posted a notice that notified property owners to file their objections on or before January 6, 1918. The first publication was on December 13, 1917. The notice published departed from the letter of the statute, in that the date therein fixed as that on or prior to which objections must be filed, was more than 20 days after the first publication. The objections were filed on January 5th, before the date fixed in the notice, but after the expiration of 20 days from the first publication. The action of the property owners was strictly responsive to the notice, according to its terms. It cannot be

1. MUNICIPAL CORPORATIONS: special assessments: timely objections.

said that, notwithstanding the terms of the notice, property owners must have filed their objections within 20 days after the first publication, or be held to have waived objections to the assessment; that the council could publish a deceptive notice, and thereby mislead the property owners, and induce them to delay filing their objections until after the lapse of the statutory period, and yet assert the validity of the notice and a waiver of objections by property owners whom the notice deceived.

Again, if the council had no jurisdiction, as contended by appellant, it was because there was no notice. Unless the notice given was valid, there was no notice. But if no notice was given, there was no waiver of objections by the property owners; for they were not required to file their objections or suffer the consequences of a waiver until the notice was given, and without notice, they were not required to file them within any given time. If the council had no jurisdiction, it had no power to approve the assessments or issue the certificates. It is apparent that the variance between the requirement of the statute and the terms of the notice cannot avail the appellant. No prejudice resulted; and, in any event, only the property owners could complain of the invalidity of the notice.

II.   Special reliance is put upon the contention that the notice of appeal to the district court was insufficient in form to confer jurisdiction on the court. Each property owner pur-

2. MUNICIPAL COR- ported to appeal from the assessment ordered
PORATIONS: spe- by the council. Notice of each appeal was served
cial assess-
ments: appeal: in due time, service being accepted by the mayor
notice: proper
addressee.     of the city in due form.   The notice was ad-
dressed to the city of Marshalltown.  The complaint is that it was not addressed to the mayor; and appellant relies upon *In re Paving Assessments*, 193 Iowa 1234; and *Farmers' St. Sav. Bank v. Town Council*, 199 Iowa 1275.  The rule laid down in these cases was that a notice not addressed to any person was not sufficient to confer jurisdiction.

In *Lundy v. City of Ames*, 201 Iowa 186, we considered the applicability of the rule of these cases to a notice addressed to the "city of Ames," the adverse party, service of which was accepted by the mayor, and reviewed our prior decisions on the subject.  We said:

"In the absence of some specific statutory requirement, the

general rule undoubtedly is that, where a notice of appeal is properly addressed to the adverse party by name, it is sufficient in form; and if such adverse party be an artificial or corporate body, service of such notice upon officials or agents specified by the statute is a good service *upon the adverse party,* and confers jurisdiction over it, even though the name of the official or agent be not included as an addressee."

Section 839, Code of 1897, provided that an appeal might be taken by any person affected by the levy of a special assessment, "by serving written notice thereof upon the mayor or clerk." That statute, in force at the time of the instant appeals, contained no requirement as to the addressee of the notice. It is to be noted, however, that Section 6064, Code of 1924, provides that the notice of appeal in such cases shall be "directed to the defendant." We are of the opinion that the notices in question come within the rule announced in *Lundy v. City of Ames,* supra, rather than that of the cases relied upon by appellant, and that the notices of appeal addressed to the city of Marshalltown were sufficient in form to confer jurisdiction upon the district court to hear and determine the appeals. No appeal was taken from the decrees of the district court canceling the assessments, and they became final. The conclusion so reached is determinative of appellant's claim against the defendant property owners, unless the further contention that, since neither the appellant nor its assignor, the contractor, was a party to the appeals, the judgments therein are not conclusive as to it, must be sustained.

III. The appellant, as assignee of the certificates, does not claim to stand in the attitude of a holder in due course of negotiable paper. It stands in the shoes of its assignor, the contractor. It took the assignment while the appeals were pending. The certificates appear to have been prematurely issued, before the determination of the appeals, but the rights of the parties cannot be affected by that fact. The appellant took them subject to the outcome of the appeals.

3. MUNICIPAL CORPORATIONS: special assessments: appeal: effect on assignee of prematurely issued certificates.

The contractor's rights, as against the property owners, were subject to a proper exercise of the power of the city council to make the assessments. The exercise of this power was subject to review on appeal in the district court. Appeal from the

action of the city council in levying an assessment for street improvements. is the method provided by. statute for contesting the amount and validity of the assessment. Section 839, Code of 1897 (Sections 6063 and 6065, Code of 1924). While the property owner and the city are the only necessary parties to the appeal, the final judgment is conclusive as to the liability of the property assessed for the assessment, not only as against the city, but as against the contractor, who, in that respect, claims only through or under the procedure of the council. This must be true; for the rights of the contractor against the property assessed are created by statute (*Snouffer & Ford v. City of Tipton,* 150 Iowa 73), and are subject to all limitations imposed by statute, among which is the right of the property owner to have finally determined on appeal the amount and validity of the assessment against his property.

The rights of the appellant as the holder of the certificates are those of a mere assignee, and rise no higher than the rights of the contractor. The final decrees of the district court on the appeals were conclusive as to the rights of the appellant against the property assessed.

IV. The defendant property owners filed cross-petitions, wherein they tendered the same issues as were tried on the original appeals, alleging the failure of the contractor to substantially perform the contract. The only proper function of these cross-petitions was to quiet the title of the defendants, in so far as the claims of the appellant operated as a cloud upon their titles. And this result depended on the binding effect of the original decrees as respects the right to enforce the assessments against the property, and not upon a readjudication of the facts pleaded in avoidance of the assessments. If the original decrees were valid, the property owners had no need of a readjudication on the facts. If they were not valid, then these defendants had lost their day in court.

4. PLEADING: irrelevant matter: motion to strike.

The decree below sustained all the allegations of the cross-petitions, and canceled again the assessments which had been first canceled by the original decrees. The decree in this respect, viewed merely as quieting title, as against the cloud of appellant's asserted claim, was not prejudicial to appellant, save only in the matter of costs; for, as we have seen, the adjudi-

cation of the original decrees was binding on the appellant, so far as the right to subject the property to the payment of the assessments was concerned.

A large amount of testimony was, however, taken, over appellant's objection, on the question whether the contract had been substantially performed by the contractor. This issue was not properly in the case, as between appellant and the property owners. It had been adjudicated in the original decrees; and, as we have said, that adjudication was binding on the appellant, as against the property owners; and the latter in this action must stand or fall on the validity of that adjudication. Whether costs of the appeals should be apportioned in this court because of the record upon this issue will be considered, upon proper motion.

In view of our conclusion upon another branch of the case, the claim of appellant against the city, to be presently considered, it should be said further that, for the reasons stated, and also because the petition had been dismissed as against the city, upon the appellant's election to stand on the ruling sustaining the city's demurrer, the adjudication upon the cross-petitions is not conclusive, as between the appellant and the city.

V. In the amended and substituted petition it was alleged that, after completion of the work, the city engineer and the city council inspected the work covered by the contract, and found 5. MUNICIPAL COR- that it had been completed according to the PORATIONS: spe- contract, and the city council by resolution accial assess- cepted the same. It was alleged that "the West- ments: fraudu- lent failure ern Construction Company completed and per- of city to de- formed its contract, and did all the things re- fend assess- ments: effect. quired to be done in making said improvement under its contract." It was also alleged that "the fact that the Western Construction Company had thus performed its contract was well known to the defendant city and its officers;" that "the defendant city and its officers knew and had evidence within possession of said officers that the Western Construction Company had fully completed and complied with its contract;" that "the defendant city and its attorney deliberately and designedly failed to introduce in the attempted trial on said appeals any evidence whatever;" that, "on the contrary, the city attorney deliberately refrained from so doing, although evidence was within the

knowledge and control of the mayor and city council * * * to show that the Western Construction Company had completely and fully complied with its contract;'' and that the city attorney ''wrongfully, willfully, and fraudulently, for the purpose of enabling the appellants to succeed in said alleged appeals, refrained from introducing any evidence and refrained from making any argument in the case."

The plaintiff prayed in the alternative that, if the court should hold that the decrees canceling the assessments were valid, and that the assessments had been legally canceled, then, because of the fraud of the city in its failure to properly defend the appeals, it should be decreed, as against the city, that the plaintiff's assignor had completed and performed its contract, and that plaintiff should recover from the city the amount of the assessments so levied, with interest. The demurrer of the city admitted the well pleaded allegations of the pleading assailed. Was a cause of action pleaded, as against the city?

This question must be determined on the allegations of the amended and substituted petition, and quite apart from the evidence introduced on the trial between the appellant and the other parties defendant after the demurrer was sustained.

While, as has been said, the adjudication on the appeals from the assessments was binding on the appellant as to the validity of the assessments against the property, it is to be remembered that neither the contractor nor the appellant was a party to the appeals. An adjudication is binding only upon parties and privies to the action. It is urged on behalf of the city that, notwithstanding this general rule, the appellant is bound by the adjudication on the appeals that the contract was not substantially performed, and reliance is put upon certain of our decisions, as sustaining the position. A brief consideration of the cases cited will show that they afford no support for the contention.

*Wingert v. City of Tipton*, 134 Iowa 97; *Snouffer & Ford v. Grove*, 139 Iowa 466, and *Snouffer & Ford v. City of Tipton*, supra, all related to the same contract and improvement. The first was an action in equity, brought by property owners against the city and the contractors, to cancel assessments for the improvement. The contractors, in a cross-petition, alleged performance, and prayed a decree requiring payment by the city, as

provided in the contract. It was there adjudged that the contract had not been complied with.

*Mason v. City of Des Moines*, 108 Iowa 658, and *Crawford v. Mason*, 123 Iowa 301, also involved an identical contract, and the first action was also brought by a property owner against the city and the contractor, to set aside the assessment on the ground that the contract had not been performed. It was so held. In these cases the contractor was a party to the proceeding in which it was adjudicated that the contract had not been substantially performed.

*Atkinson v. City of Webster City*, 177 Iowa 659, was an appeal from an assessment where a failure to substantially comply with the contract was alleged and established. The effect of the adjudication upon the rights of the contractor was not involved.

As between the contractor or the appellant, its assignee, and the city, the rights of the parties arise out of, and depend upon, the contract. The appeals from the assessment made by the city council involved only the statutory right of the city to levy an assessment against the property. While the exercise of this right might be defeated by the failure of the contractor to perform, the contractor was neither a party nor a privy to the proceedings on the appeals, and was not bound or estopped, as against the city, by the adjudication on the appeals that the contract had not been performed.

We may add that the pleadings do not disclose that any action was taken by the city to require the contractor to appear and defend against the claims of the property owners on the appeals or suffer the consequence of being bound by the judgments to be therein rendered, if by appropriate action such a result might have been brought about.

The contract provided that the cost of the improvement was assessable against private property, and that the duty and liability of the city to the contractor, or any person claiming under him, should be confined to its power to impose the assessment and deliver the assessment certificates to the contractor, or person entitled thereto, unless an amount legally assessable should be insufficient, in which case the difference should be made up from the general or other appropriate fund or funds of the city, and that any "deficiencies of any character whatever which are not legally assessable against privately owned property * * *

shall be payable in accordance with the provisions of the resolution ordering the improvement."

In *Bucroft v. City of Council Bluffs,* 63 Iowa 646, 650, we said:

"When the city admitted the existence of a debt, and issued certificates of assessment, to the end that the plaintiff could be paid out of a particular fund created by the city, it must be assumed that it guaranteed, or by implication contracted, that such fund existed, or that it had taken, and had the power to take, the steps necessary to create such fund. Now, when it turns out that there was no such fund, and that the power to create it did not exist; it seems to us that the city should not and cannot escape all liability under the contract, and it has been so held."

In *Ft. Dodge E. L. & P. Co. v. City of Ft. Dodge,* 115 Iowa 568, where the city could have made a valid assessment on abutting property, not including that of plaintiff, but failed to do so, and wrongfully attempted to assess a part of the cost of the improvement against plaintiff's property, it was held that the city was liable to the holder of the invalid assessment certificate.

In *Turner Imp. Co. v. City of Des Moines,* 155 Iowa 592, we held that a petition alleging unreasonable and negligent delay on the part of the city in levying assessments stated a good cause of action against the city for the loss of interest occasioned to the contractor.

*Gilcrest & Co. v. City of Des Moines,* 157 Iowa 525, involved appeals from assessments. It was the claim of the property owners that the contract had not been substantially performed. The contractor intervened. By reason of jurisdictional defects in the proceedings, only property the owners of which were bound by a waiver or estoppel was subject to assessment. As to those not so bound, the assessments were held to be void. We said:

"This defect is chargeable to the city or its officers and not to the contractor, and, in the event that upon further hearing it is found that the contract has been substantially performed, then, so far as the cost of the improvement would otherwise have been chargeable upon these lots, the contractor will be entitled to judgment against the city."

It was subsequently determined that there had been a sub-

stantial compliance with the contract. *Gilcrest & Co. v. City of Des Moines* (Iowa), 161 N. W. 645 (not officially reported). Thereafter, a recovery by the contractor from the city to the amount of the invalid assessment was affirmed in *Barber A. P. Co. v. City of Des Moines*, 191 Iowa 762, and we said:

"The failure of the city to create and issue a valid certificate of assessment * * * was a breach of the contract between it and the Barber Asphalt Paving Company, entitling the contractor to damages sustained by such failure on the part of the city."

The doctrine of these cases would seem to be controlling here, under the allegations, admitted by the demurrer, that the contract was performed and the work accepted by the city, and that the failure of the city to make valid assessments was the result of the fraudulent failure of the city and its officers to make proper defense in the appeals. If, as alleged, there was a substantial performance of the contract,—a proposition upon which the appellant was entitled to its day in court, as against the city,—the invalidity of the assessments against the property resulted wholly from the fraudulent failure of the city to defend its assessments on appeal.

If a city cannot escape liability for a loss of interest occasioned to a contractor by its negligent delay in making an assessment, or for the amount of an assessment which is invalid because of its failure to take proper proceedings, or for its failure to assess the total cost of the improvement against property subject to assessment, we see no sound reason why it can avoid liability where the failure of the assessment was brought about by its own fraud. We are of the opinion that the amended and substituted petition stated a good cause of action against the city, and that the demurrer should have been overruled.

The judgment in favor of the city is reversed, and that in favor of the other defendants is affirmed. One tenth of the costs on appeal will be taxed to the city, and the remainder to the appellant, subject to apportionment, upon motion, as between appellant and the other appellees.—*Affirmed in part; reversed in part.*

STEVENS, FAVILLE, DE GRAFF, ALBERT, MORLING, and KINDIG, JJ., concur.

EVANS, C. J., dissents in part.

EVANS, C. J. (dissenting in part). I dissent from the fifth division of the opinion.