FIRST NATIONAL BANK OF FORT DODGE, Appellant, v. WEBSTER
COUNTY et al., Appellees.

**DRAINS:** Assessment—Decree on Appeal—Conclusiveness on Contrac-
tor. A decree which sustains objections of property owners to a
proposed drainage assessment on the assigned ground that certain
specified contracts are illegal and void is conclusive on the con-
tractor and his assignees, even though they are not *in fact* represented
at such hearing; because *in law* the board of supervisors is, in such
proceeding, made the representative, not only of the district, but of
every interested party except the adversary parties.

Headnote 1: 19 C. J. p. 739 (Anno.)

*Appeal from Webster District Court.*—SHERWOOD A. CLOCK,
Judge.

NOVEMBER 15, 1927.

Action to enforce payment of drainage warrant. Judgment
for defendants. Plaintiff appeals.—*Affirmed.*

*Helsell, Helsell & McCall,* for appellant.

*Lee & Garfield* and *Sylvester Flynn,* for appellees.

MORLING, J.—Defendants plead invalidity of the contract
upon which the warrant sued for was issued, because of want of
power of the joint boards to enter into it, and because of fraud.
They plead further that the invalidity of the contract and the
non-liability of the lands in the district to special assessment on
account thereof have been conclusively determined, by reason of
decree sustaining objections to special assessments and adjudi-
cating the contract to be invalid.   In our view of the case, it
may be disposed of on the question of *res adjudicata.* The war-
rant sued upon was for $3,407.22, issued to the Fort Dodge Cul-
vert Company and indorsed to plaintiff bank.   The plaintiff
claims no rights greater than those possessed by the Fort Dodge
Culvert Company.   The warrant was issued for corrugated iron
culverts sold by the Culvert Company to Joint Drainage Dis-

trict No. 13, of Webster County, and No. 11, of Wright County. The contract for the purchase of the pipes is dated October 7, 1918. The pipes were furnished. The contract was approved by the joint boards November 15, 1918, and on the same date, claim for the price, $3,407.22, was allowed. On the same dates, respectively, contract for installation of the pipe was made between C. E. Paine and the joint districts, approved, and part of the claim then, and the balance later, allowed. The assessment commission reported a proposed assessment for the purpose of paying these contracts, as well as the cost of cleaning out, and other expenses, the legality of which is not denied. The landowners filed objections to the proposed assessment, setting up, among other grounds, alleged invalidity of the Culvert Company and Paine contracts, and of the claims thereon. The joint boards overruled the objections and levied the assessment. The landowners appealed. The appeals were consolidated, and tried together, the trial resulting in a decree setting aside the assessment commission's report, canceling the entire assessment, and ordering the joint boards and the county auditors and treasurers to refuse payment upon every warrant or order drawn against the funds of the district theretofore or thereafter issued to Paine or to the Fort Dodge Culvert Company for the culverts, and further ordering the joint boards to take the necessary steps to·have a new assessment levied. It was further decreed:

"That in making such levy all the respective claims of C. E. Paine for installing and of the Fort Dodge Culvert Company for furnishing said corrugated iron culverts in said drainage district be excluded from the amount to be raised by such levy."

The decree provided that the Culvert Company might remove the culverts. A new assessment for the payment of the other claims against the joint district was made and levied accordingly. The plaintiff's contention is that neither it nor its assignor, the Culvert Company, was a party to the hearing on the objections, and that the order to refuse payment of the warrants was not within the issues.

The parties are not agreed whether, under the evidence, the Culvert Company was in fact represented at the trial of the objections. We hold the question not controlling, and do not pass upon it. The validity of the purchase and installation

of the culverts and of the Culvert Company's claims therefor was put in issue in the assessment proceedings by the objections filed.

A drainage district has no corporate capacity. It can incur no corporate liability. Its affairs are managed by the board of supervisors. Therein the board has limited powers. The board, in contracting in behalf of the district, incurs no liability other than to take the proper and necessary proceedings for the levy of special assessments and to devote the proceeds thereto. The contractor knows that his compensation must be derived from that source, and no other. The law which enables the board to enter into the contract with him provides specifically the method of making compensation by special assessments. The lands or the owners thereof are brought into liability only through that process. Therein they are entitled to make objections and to be heard. Their objections to the proposed tax must be made in the method and by the procedure prescribed. The right of landowners to file objections and to be heard, and the power of the court on appeal to pass upon the objections, are inseparably related to the performance of the contract by the board. The proceedings throughout as to the landowners are *in invitum*. The law makes no provision for giving to the contractor or his assignee notice of the landowners' objections or of hearing thereon or of appeal from the action of the board. In large districts, the warrants run into hundreds in number. No record of assignments of them is kept, except in the treasurer's office, for purpose of call. Section 7497, Code of 1924. It would be a practical impossibility, in many cases, to bring the warrant holders into the hearing on the objections. The proceedings relating to the district are recorded in the auditor's office. All persons interested have full access to them. The assessment report is there. The landowners' objections to the assessment must be filed there. The board, in the first instance, passes upon the objections, and its action is recorded there. Appeals are taken by notice filed in the same office. The notice is for the benefit of everybody concerned. Furthermore, the law then was:

"When any appeal is taken * * * it shall be the duty of the board to employ counsel to represent the interests of the drainage district * * * In all actions or appeals * * * the board of

supervisors shall be a proper party for the purpose of representing the drainage district, and all interested parties therein, other than the adversary parties thereto, and the employment of counsel by the board * * * shall be for the purpose of protecting all the rights of the drainage district and interested parties therein other than the adversary parties thereto * * *" Section 1989-a14, Code Supplement, 1913.

See Section 7519, Code of 1927. These provisions are without exception or qualification. The board and the counsel employed by it represent "all interested parties therein * * * for the purpose of protecting all" their rights (other than those of adversary parties). One contracting with the district, through the board, by force of the law commits to the board the duty to proceed in his behalf for the levy of the necessary assessment. His remedy is to see that the board does this. The board for him proceeds in an adversary capacity against the benefited land. There is no good reason for not holding the contractor to notice of what the public records show has been done in such proceedings. The proceedings are statutory, and no notice other than that which the statute prescribes is necessary. The statute need not require notice of proceedings for review. *Brown & Bennett. v. Powers,* 146 Iowa 729; 3 Corpus Juris 1202 to 1223. To hold that the landowners must not only litigate with the board the legitimacy of the proposed tax and the validity of the claims for which it is proposed to be levied, but must relitigate the same matter with the contractor or with warrant holders, as they may from time to time appear, would be not only unreasonable, but oppressive. The result of the assessment proceedings, in the absence of fraud or collusion, is conclusive on all parties concerned, and finally determines the amount and extent of the liability of the lands to a special assessment, and the validity of the claims for which it is levied. *Western Asph. Pav. Corp. v. City of Marshalltown,* 203 Iowa 1324. Of course, we are not here speaking of the case of a deficiency or one in which fraud or collusion is involved.

While we have used the word "board" in the singular, the law applicable to the joint boards in case of joint districts is the same.—*Affirmed.*

EVANS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.