H. C. HOUGHTON, Jr., et al., Appellants, v. H. K. BONNICKSEN et al., Appellees.

No. 40712.

JUNE 20, 1931.

Helsell, Helsell & McCall, and Peisen & Soper, for appellants.

Harrington & Dickinson, and J. W. Morse, for appellees.

STEVENS, J.—This action is somewhat out of the ordinary. The petition, amended and substituted petition and amendments thereto are voluminous and cover every apparent material ultimate fact.

It appears from the allegations of the petition that the joint boards of supervisors of Emmet and Kossuth counties established a drainage district to be known as Emmet and Kossuth county drainage district No. 2. On July 31st, 1914, a contract in writing was entered into on behalf of the respective boards of the two counties with Clyde A. Walb for the construction of the drainage improvement established within said district. The consideration agreed to be paid in said contract was 5.62 cents per cubic yard for the excavations made. The district became involved in litigation which was protracted for several years. On July 31, 1919, a new contract was entered into by and between the same parties for the performance of the same work and labor, but the price therein agreed to be paid was 28 cents per cubic yard of excavation. The improvement was completed and final estimates were filed by the engineer in the respective counties. A series of warrants in various amounts were drawn by the county auditor of Kossuth county on the county treasurer of said county payable to Clyde A. Walb out of the funds of the joint drainage district. Each of the warrants, with perhaps one or two exceptions, was presented to the county treasurer for payment and endorsed "Not paid for want of funds." These warrants were fully assigned by the payee to appellants, each holding one or more thereof.

All of the warrants are dated in 1918 and 1919. No part of the principal or interest has ever been paid to the holders of these warrants. At the joint session of the two boards on July 21st, 1922, a resolution was presented and adopted thereby repudiating all of the said warrants and specifically directing the county treasurer of each of the said counties not to pay any part thereof. The reason assigned in the resolution for the action thus taken was that the contract of July 31st, 1919, was illegal and invalid and that the warrants issued were for a sum greatly in excess of the amount due. The joint boards in the resolution mentioned proposed to issue to Clyde A. Walb in exchange for the warrants in controversy new warrants upon the basis of 5.62 cents per cubic yard for the excavations made and to allow interest thereon at 6% from the date of the engineer's estimates of the completed work.

While the relief sought by the petition which is in separate divisions is somewhat broader than the propositions discussed by counsel, we shall dispose of the case upon the questions argued. The relief to which appellants contend they are entitled is an adjudication in equity of the amount due on the several warrants. For the purpose of securing such adjudication, it is alleged in the petition that the defendants claim a deduction from the face of the warrants and that until the amount of such deduction is ascertained and established appellants are without a remedy by mandamus to compel the levying of a tax with which to pay the amount found by the court in such action to be due.

It is conceded by appellants that an action for mandamus will not lie to compel the levying of a tax for the purpose of providing funds to pay an unliquidated demand. One of the grounds of the motion to dismiss is that the court is without jurisdiction of the subject matter. The defendants named are the boards of supervisors of Emmet and Kossuth counties. No question is raised by appellee as to parties defendant nor as to the right of appellants to sue them jointly. The interpretation placed by appellants upon their pleading is not borne out by the facts alleged and the documents attached thereto. It is clear from the allegations of the petition that appellees do not resist payment of the warrants upon the ground that a deduction should be made from the amount named therein on

behalf of the drainage district. It was the obvious purpose of appellants to so plead as to present in this action, so far as possible, the ultimate issues to be determined whether in this or some other form of action. The resolution of the joint boards of supervisors adopted July 21st, 1922, effects no offer of compromise but specifically repudiates the contract of July 31st, 1919, and the warrants issued upon the basis of the price per cubic yard therein stipulated. The tender is of new warrants based upon the price stipulated in the original contract and the final estimate of the engineer as to the yardage removed. In other words, it appears upon the face of the petition that the joint boards of supervisors at the time of the adoption of the resolution were willing to settle with the contractor for the full amount of yardage claimed upon the basis fixed by the contract of July 31st, 1914, but not otherwise. The county treasurer of Kossuth county clearly is without right or authority to pay the warrants in suit. The funds of the drainage district are no part of the general funds of the county but are paid to; and held by, the county treasurer as a special fund for the purpose of paying obligations assumed by or on behalf of the drainage district.

■ The difficulty of appellants is to find some one to sue, against whom a judgment may be entered. A drainage district is not a legal entity and cannot be sued. First National Bank v. Webster County, 204 Iowa 720; Board of Supervisors of Worth County v. District Court, 209 Iowa 1030. Nor may an action be maintained against a county to recover compensation for work done on drainage districts. Iowa P. & T. Co. v. Parks, 169 Iowa 438; Sisson v. Board of Supervisors of Buena Vista County, 128 Iowa 442. Appellants do not in this case seek to recover a judgment against either the county or the drainage district but only to secure a judicial determination, as we understand their position, of the actual amount due on the warrants in suit.

The real question, however, that must at the outset be determined is as to the validity of the warrants. They were issued in obedience to the finding, order and direction of the joint boards of supervisors of Emmet and Kossuth counties. No claim is made in argument by counsel for appellees that there was fraud or mistake in the estimates of the engineer. It is not

claimed that the amount represented by the warrants was not computed upon the basis of the actual yardage of earth removed. The question, therefore, must depend upon the validity of the contract of July 31st, 1919. If that contract is valid, the warrants issued thereunder, except as they may be affected by the later action of the joint boards of supervisors, are valid. If, however, the contract was void and wholly unenforcible, then, necessarily, the warrants are void. If the original contract is to prevail, the balance due must be ascertained upon the basis of the price stipulated therein and new warrants drawn. As stated, the resolution tendered the contractor new warrants upon the basis of the original contract. The question, therefore, is not whether the demands of appellants are liquidated but whether any part thereof is valid and legal. In other words, the warrants are enforcible according to their terms for the amount specified or are not enforcible at all. No question of *quantum meruit* or deduction to be allowed is, or can be, involved. The facts of this case do not bring it within the rule of Aetna Life Insurance Co. v. Lyon County, 44 Fed. Rep. 329, nor Aetna Life Ins. Co. v. Lyon Co., 82 Fed. Rep. 929, nor Everett v. Ind. School District, 102 Fed. Rep. 529, nor Board of Supervisors v. Deyoe, 77 N. Y., 219.

Involved in the Lyon county cases were bonds issued and refunded in excess of the constitutional limitation of 5% upon the value of the taxable property. The original action was commenced at law and tried to the court but it was held by Judge Shiras that an action at law would not lie. This ruling was sustained by the supreme court of the United States, 15 Sup. Court Rep., 1037. The later action was commenced and tried in equity. There were present in that action as parties all persons involved in the issuance of the bonds or interested therein. The matters litigated involved the validity of the bonds. It is unnecessary to attempt a detailed statement of the many matters involved in the aforesaid equity action. The only defense attempted was that the bonds had been issued for an amount in excess of the constitutional limitation and were, in whole or in part, invalid. The issues involved in the present case are materially different. The relief sought herein is inconsistent with the pleaded facts. The court could not in this action determine that there is an amount due on the warrants

in controversy different from that expressed on the face thereof. This for the reason that the warrants are either valid or invalid as a whole. The controversy, as shown by the pleadings, is not the alleged excess amount for which the warrants were issued but rather it is: did the action taken by the joint boards of supervisors render them worthless or were they invalid when issued? Compensation can only be made by the drainage district upon the basis of the original contract or the one under which the warrants were issued, depending upon which is valid and binding on the original parties thereto. The controversy as to the amount due does not arise from any uncertainty as to the contracts or the number of yards of excavation, but as to which, if either, of the contracts is valid and enforcible. There is, therefore, nothing for a court of equity to determine in this action. A decree would be advisory only. There is no one against whom judgment may be entered upon the contract sought to be repudiated by the joint boards or upon the warrants in suit. One of the grounds of the motion to dismiss is that the petition does not state a cause of action.

We think it obviously does not and the judgment is, therefore, necessarily affirmed.—Affirmed.

FAVILLE, C. J., and ALBERT, WAGNER, and KINDIG, JJ., concur.