F. C. Lougee, Appellant, v. F. L. Reed, Appellee.

Limitation of actions: NEGLECT OF OFFICIAL DUTY. Code Section 3448, providing that actions for relief on the ground of mistake shall not be deemed to accrue until the mistake is discovered, has no application to an action against a clerk of court for omitting to index a judgment; such an action is governed by Section 3447, providing that actions against officers for neglect of official duty must be brought within three years.

*Appeal from Pottawattamie District Court.*— Hon. N. W. Macy, Judge.

THURSDAY, JANUARY 10, 1907.

ACTION to recover damages caused by a failure on the part of defendant, as clerk of the district court, to properly perform an official duty. A demurrer to the petition was sustained. Plaintiff having elected to stand on his pleading, there was judgment against him dismissing his petition and for costs and he appeals.— *Affirmed.*

*H. L. Robertson,* for appellant.

*W. H. Killpack,* for appellee.

BISHOP, J.— It is alleged in the petition that in August, 1895, plaintiff obtained a money judgment against one Maxfield in a justice court of Pottawattamie county; that a transcript of such judgment was at once obtained and presented to the defendant, then the clerk of the district court of said county, with a request that the same be filed in his office, and the judgment shown thereby entered of record as provided by law; that defendant did thereupon mark said transcript as filed, and did enter the same in the judgment transcript docket kept in his office, but that he failed, neglected, and omitted to enter and index said judgment in a book required to be kept in his office, and known as the " General Index " of all liens filed or made of record in such office. It is then alleged that at the time of the filing of said transcript the said Maxfield was the owner of certain described lands in said county upon which said judgment would have been a first lien had the same been properly entered and indexed by the defendant in the general index book of all liens; further, that in October, 1898, said Maxfield sold and conveyed the lands so owned by him in good faith, and that he is now insolvent. Plaintiff says that he did not know of the ownership of said Maxfield in said lands until in June, 1905, nor did he know of the failure and omission of defendant herein complained of until said

date last mentioned. Concluding his petition, plaintiff asserts that, because of the facts so pleaded, said judgment did not become a lien on said lands, "and on account of said omission and mistake of defendant, and the facts herein stated, the defendant, by said omission and mistake, caused plaintiff to lose said judgment," etc. The demurrer was grounded on the statute of limitations (Code, section 3447, subdivision 5), which provides that an action against a public officer, founded on the omission of an official duty, must be brought within three years from the time when the cause of action accrued. And, if this statute is solely applicable, it must follow that the ruling as made was correct, and should be approved.

But counsel for appellants contends that the case, as made by the petition, comes within, and is to be governed by, the further provisions of Code, section 3448. That section provides that in actions for relief on the ground of mistake the cause of action shall not be deemed to have accrued until the mistake shall have been discovered by the party aggrieved. The trouble with this contention is that the reading of the petition does not disclose a case of mistake within the meaning of the statute. An action grounded on mistake is one brought to correct or relieve against the consequences of an error which has crept into the contract relations of the parties. If the mistake was made by a third person, acting as an agent, public or private, the case against him is one sounding in tort for damages. It is true that in such case the mistake gives rise to a right of action in favor of one or both of the contracting parties; but it is an action for compensation for the wrong done, and not to secure a re-adjustment or reformation of contract rights. One may, under the mistaken notion that he is the owner, enter upon the real estate of another, or convert the personal property of another, and in such case the action of the party aggrieved is in trespass or trover, as the case may be, for the wrong done, and not one grounded on mistake. True enough, the injury complained of is traceable to

a mistake on the part of the wrongdoer; but, as far as the injured party is concerned, it is wholly immaterial what lies back of the wrong as the inducing cause. Now, in this case, it will be observed that the gravamen of plaintiff's complaint is that defendant, as clerk of the court, omitted to perform an official duty, ministerial in character, enjoined upon him by law. And the prayer is for an award of the damages consequent upon such omission. The liability of the defendant is for the omission, and here, also, it is not material to inquire what may lie back of such omission as the inducing cause. This must be true because on the part of plaintiff there was an absolute right to have the particular duty promptly and properly performed, and the defendant could not excuse his dereliction on plea of a mistaken notion of his duty, much less, his ignorance or carelessness. *Wasson v. Mitchell,* 18 Iowa, 153; *McCord v. High,* 24 Iowa, 336; *Amy v. Barkholder Supervisors,* 11 Wall. (U. S.) 136 (20 L. Ed. 101).

As the action is one based upon the failure or omission of the defendant as clerk to perform an official duty, it follows that the statute of limitations was properly invoked, and the ruling upon the demurrer was correct.— *Affirmed.*