BOARD OF SUPERVISORS OF WORTH COUNTY, Petitioners, v. DISTRICT COURT OF SCOTT COUNTY, Respondent.

No. 40174.

MARCH 11, 1930.

*Paul G. Thonn* and *Thomas & Loth,* for petitioners.

*Lane & Waterman,* for respondent.

FAVILLE, J.—One Huebotter brought an action in the district court of Scott County against the board of supervisors of Worth County and Drainage District No. 46 of said Worth  County. Said action was brought to recover on certain drainage district bonds held by the plaintiff in said action. The defendants in said action moved for a change of venue of said cause from Scott County to Worth County. Said motion was overruled, and to review said ruling, this action was brought in certiorari. For convenience, we shall refer to the said Huebotter as plaintiff, and to the board of supervisors of Worth County and Drainage District No. 46 as defendants.

Drainage District No. 46 was duly organized, as provided by law, and certain bonds were issued by the board of supervisors of Worth County to pay for an improvement in said drainage district. Plaintiff's action is brought upon a number of said bonds. Plaintiff's petition alleges the establishment of said drainage district and the issuance of said bonds, and the plaintiff prays judgment against the defendants for the amount

due on said bonds, together with interest, and as a part of the prayer of said petition, plaintiff alleges:

"Plaintiff further states that he is advised and avers the fact to be that the levy of assessments in Drainage District No. 46 has not produced sufficient revenue to meet the aforesaid interest and principal now due, and that the treasurer of Worth County has not sufficient funds in his hands to pay the aforesaid bonds and interest and the judgment to which plaintiff is entitled thereon; that the owners of some of the lands assessed have defaulted in their payments, and said treasurer was not able to sell said lands at tax sale; that the members of the defendant board of supervisors, in disregard of their duty in the premises, have failed and refused, and still refuse, to levy additional assessments on the lands in said Drainage District No. 46 to produce sufficient funds to meet interest and principal of outstanding bonds now due, as required by law. As auxiliary relief in this action, plaintiff further prays that a writ of mandamus of this court issue, to be directed to said defendant board of supervisors, commanding said board forthwith to levy and collect sufficient assessments on the lands included in said Drainage District No. 46, on the basis of the classification heretofore made by the appraisers appointed in the drainage proceedings and confirmed by said board, to pay such portion of the judgment prayed for herein remaining unpaid after the application of all funds available for that purpose in the hands of the county treasurer of Worth County, together with interest and costs, and to pay the same to the plaintiff."

The bonds sued upon provide that the interest and principal are made payable at a certain banking house in the city of Davenport, which is in Scott County. Said bonds further recite:

"This bond is one of a series of bonds issued by said county for the purpose of paying the cost of a system of drainage known as Drainage District No. 46, within said county, and in anticipation of the collection of the installment of a special assessment duly levied upon the lands benefited, pursuant to an order made by the board of supervisors of said county, duly entered, and in strict compliance with Chapter 68 of the Laws of the Thirtieth General Assembly of Iowa, as amended. This bond is based

upon and constituted a lien upon and is payable solely out of the proceeds of the special assessments for benefits heretofore legally levied on the lands to be benefited, and the said special assessments are hereby irrevocably pledged therefor.''

The motion for change of trial to Worth County is predicated upon several grounds, which may be summed up in the general contention that the action is maintainable only in Worth County.

I. Plaintiff's action is brought at law. The relief sought in the first instance is a judgment at law against the defendants for the aggregate amount due on plaintiff's bonds, with interest and costs.

Our first inquiry is whether or not plaintiff is entitled to a judgment at law against the defendants as prayed. Clearly, the plaintiff has no cause of action against Worth County. Said county has incurred no liability to the plaintiff. *Sisson v. Board of Supervisors,* 128 Iowa 442, 462.

Nor is the plaintiff entitled to a judgment against said Drainage District No. 46. A drainage district is *sui generis.* It is not a corporation. It cannot sue or be sued. It is merely a segregated area of land, which has been set out by legal proceedings, and is subject to assessment for the construction of certain drainage improvements within said territory. It can incur no corporate liability. Under the statute, its affairs are managed by the board of supervisors of the county in a representative capacity. The powers of such board, however, are limited and defined by statute. *Clary v. Woodbury County,* 135 Iowa 488; *First Nat. Bank v. Webster County,* 204 Iowa 720. There can be no judgment at law rendered against a drainage district in any case. The only method by which the obligations growing out of the establishment of a drainage district and the construction of a public improvement thereunder can be paid, is by the process of levy and collection of a special assessment upon the lands embraced within the drainage district. It therefore follows that the plaintiff was not entitled to a judgment at law against said Drainage District No. 46.

Nor is the plaintiff entitled to any judgment at law against the board of supervisors. They act wholly in an official or representative capacity, under the express provisions of the drainage statutes.

At this point it is contended, however, that the plaintiff is entitled to have the validity of his obligation established, and the amount due thereon fixed in an action at law. The ordinary method by which a court of law establishes legal rights and enforces obligations is by the rendition of a judgment. The instant case is brought as an ordinary action for a judgment against the defendants for the amount alleged to be due to the plaintiff. This the plaintiff was not entitled to on the face of the pleadings, for the reason that it affirmatively appears that there is no liability on the part of the defendants for which any judgment at law could be entered against them. Under what circumstances and in what court the plaintiff might be entitled to have the amount of his claim established is a question not before us in the instant case, and upon it we make no pronouncement. We hold that, in the action at law now under review in this case, the plaintiff was not entitled to a judgment at law for the amount due upon his bonds against any of the defendants in said action.

The foregoing conclusion would dispose of the appeal in this case; but, in view of the entire situation, we deem it proper to consider other propositions argued by counsel.

II. It is contended that, by reason of the fact that the bonds sued upon recite that they are payable at a certain banking house in Scott County, the district court of said county has jurisdiction of said action against the said defendants, even though they are not residents of said county.

Section 11040, Code, 1927, is as follows:

"When, by its terms, a written contract is to be performed in any particular place, action for a breach thereof may, except as otherwise provided, be brought in the county wherein such place is situated."

It is to be noticed that said section provides that where, by its terms, a written contract is to be performed in any particular place, action for a breach thereof may be brought in  the county where the place is situated, *except as otherwise provided*. As we have seen, said Drainage District No. 46 is not a legal entity, and action against it could not be brought at any place or maintained in any suit. It there-

fore follows that the plaintiff's action is solely against the board of supervisors of Worth County in their official capacity as representatives of the said drainage district under the terms of the statute. Code Section 7519.

Code Section 11036 is, in part, as follows:

"Actions for the following causes must be brought in the county where the cause, or some part thereof, arose: * * * Those against a public officer or person specially appointed to execute his duties, for an act done by him in virtue or under color 'of his office, or against one who by his command or in his aid shall do anything touching the duties of such officer, or for neglect of official duty."

The plaintiff's action is against public officers with respect to their official duties. It therefore is one of the class of actions that is "otherwise provided for" by the statute. Code Section 11040 does not fix the venue, but the same is established by Section 11036, Paragraph 2. As bearing on the question, see *Brownell v. Aetna State Bank,* 201 Iowa 781.

*Lynde v. The County,* 16 Wall. (U. S.) 6 (21 L. Ed. 272), is in no way in conflict with our conclusion herein.

The venue of the action against the public officials in their official capacity must be in the county of the residence of such officials. Such is the statutory requirement.

III. Plaintiff specifically sought a writ of mandamus to compel the board of supervisors of Worth County to levy an assessment against the property within said drainage district for the purpose of collecting funds to pay the bonds of the plaintiff. It is alleged that said writ of mandamus is sought as "auxiliary to" the plaintiff's main case, which is for a judgment at law. The very gist of the plaintiff's cause of action is the legal right to have steps taken by the board of supervisors of Worth County for the levy and collection of a special assessment against the lands within said drainage district, to pay plaintiff's bonds. Said bonds expressly provide that they are "payable solely out of the proceeds of the special assessments for benefits heretofore legally levied on the lands to be benefited and the special assessments are hereby irrevocably pledged therefor." The petition alleges that a levy of assessments has not produced sufficient revenue to meet the amount

of plaintiff's bonds, and the plaintiff asks that a writ of mandamus be issued, commanding said board of supervisors forthwith to levy and collect sufficient assessments on the lands included in said district to pay plaintiff's claim. Under the terms of the statute, this action for mandamus against a public officer must be brought in the county where the officer resides. Plaintiff's remedy by mandamus, therefore, could only be brought in the county where the board of supervisors reside.

IV. It is contended by respondent that the petitioners, after filing the motion for a change of venue, filed a demurrer to the plaintiff's petition, and that by so doing they have waived  the right to be heard upon said motion. The record shows that the petitioners filed a motion for a change of venue and amendment thereto, also a motion to strike, and a demurrer. Apparently they were filed simultaneously. It appears from the return of the respondent that said two motions and said demurrer were all argued and submitted together, and all three were overruled in one order. Petitioners appear not to have filed any pleadings after said ruling had been made. A writ of certiorari was issued from this court to review the ruling on the motion for a change of venue, and a stay order granted. We think it clear that the petitioners did not waive a ruling on the motion for a change of venue. There was no claim of waiver in the court below, and the motions and demurrer were heard, submitted, and ruled on together. *Kell v. Lund*, 99 Iowa 153; *Burke v. Dunlap*, 185 Iowa 949.

The cases cited by respondent from Federal courts are not applicable to a situation such as is presented by this record. The jurisdiction of Federal courts is quite different from that of the district courts of this state under our statute in regard to mandamus and certain other actions.

*Mills County Nat. Bank v. Mills County*, 67 Iowa 697, and *Bodman v. Johnson County*, 115 Iowa 296, arose under entirely different statutes, providing for construction of ditches by counties. They are not applicable to this case.

The respondent erred in overruling the motion for change of venue. The writ of certiorari must be sustained, and the order of the respondent in overruling petitioners' motion for change of venue must be, and it is, reversed.

It is so ordered.—*Writ sustained; order reversed.*

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.