JOHN LENEHAN et al., Plaintiffs, Appellants, v. DRAINAGE DISTRICT No. 71 of Sac County et al., Defendants, Appellees; JOHN ROELFS et al., Interveners, Appellees.

No. 42581.

December 11, 1934.

Whitney, Whitney & Stern, for appellants.

Jacobs & McCaulley and Robert Elmer Long, for appellees Drainage Dist. No. 71 and others.

Malcom Currie and Salinger, Reynolds & Meyers, for appellees Roelfs and others.

KINDIG, J.—Some time before July 23, 1919, drainage district No. 71 was duly organized in Sac county, according to law. On that date the board of supervisors, acting for and in behalf of the drainage district, awarded to Hueter Brothers, a copartnership, a contract for the construction of sections 2, 3, and 4 of a ditch. Hueter Brothers, on an immaterial date thereafter, sublet a part of the contract to Peter Thorup. These contractors later fully performed the contract, and constructed the ditch. For the performance of the contract, there was due Hueter Brothers and Peter Thorup the sum of approximately $27,076.42. The auditor of Sac county duly delivered to Hueter Brothers and Peter Thorup a number of drainage warrants, drawn on drainage district No. 71, for the purpose of evidenc-

ing the indebtedness. A certain number of the warrants were assigned respectively to the various plaintiffs-appellants.

According to the appellants' petition, the supervisors, on February 9, 1922, levied "an assessment upon all the lands (included in) Drainage District Number 71 * * * for the purpose of paying the warrants of these (appellants) and other indebtedness incurred by said district. * * * That the total amount levied by said board of supervisors was the sum of $138,428.95." "That $42,034.96 was paid into said special fund by the property owners, leaving a balance of unpaid assessments in the sum of $96,393.99." "That the said Board of Supervisors did by resolution provide for the sale of bonds. That bonds were sold for the purpose of paying $78,570.99 of the indebtedness representing assessments not in litigation or under $20.00." "And that outstanding warrants for the sum of $78,570.99 were paid from funds received from the sale of said bonds, and that the balance of the warrants issued and outstanding were to be paid from assessments levied against the property as the assessments were paid by the property owners over a period of ten years as provided by law." "That the said Board of Supervisors acting for and in behalf of said Drainage District did in the aforesaid manner levy assessments for the payment of all warrants over a period of ten years which had been issued, including the warrants of these (appellants)." So, included within the warrants not paid by the sale of said bonds, or otherwise, and therefore to be paid out of the alleged ten-year assessments, are those now held by the appellants.

The appellants, according to the further allegations of their petition, allege that on April 19, 1929, the drainage assessments became insufficient to pay the warrants above named. So a demand was made by the appellants on the board of supervisors of Sac county asking that they levy an additional assessment to make up the deficit. This the board refused to do, and the appellants, on April 30, 1930, commenced the present action for a writ of mandamus to compel the board of supervisors of Sac county and other officers thereof, the defendants-appellees, to levy an additional assessment in a sufficient amount to satisfy the unpaid warrants. During the pendency of that action, the interveners-appellees, who are landowners in said drainage district, intervened for the purpose of resisting the writ of mandamus asked by the appellants.

An answer was filed to the appellants' petition by the appellees on October 31, 1932. Many defenses, in addition to a general denial, are set forth in the answer, but only one of them is material here. It relates to the statute of limitations barring an action in mandamus. At this point the appellees in their answer pleaded that the appellants' action in mandamus is barred by subdivision 4 of section 11007 of the 1931 Code. In that section the limitation fixed is three years.

A motion to dismiss the appellees' amended and substituted answer was filed by the appellants on the theory that the answer did not state facts sufficient to show the running of the aforesaid statute of limitations. Such limited phase of the controversy was submitted to the district court, and that tribunal overruled the motion on the theory that the statute of limitations had run. Thereupon the appellants elected to stand upon their motion to dismiss and suffer judgment to be entered against them. Therefore judgment was entered against the appellants. From that judgment the appellants appeal.

■ I. An argument is made by the appellants that the appellees waived the statute of limitations and are estopped from asserting the same. But the allegations in the appellants' petition concerning the waiver and estoppel are controverted by the appellees in their answer. So a disputed issue was therefore raised which cannot be determined on the motion to dismiss. American Surety Co. v. Leach, 206 Iowa 1355, loc. cit. 1357, 220 N. W. 34. See Ritter v. Schultz, 211 Iowa 106, 232 N. W. 830. The motion to dismiss was an attack upon the answer and not upon the petition.

■ II. In the appellees' answer, it is averred that on the 7th day of December, 1925, certain land in the drainage district, belonging to Floyd Domino, was sold at tax sale for the nonpayment of the assessment, that the owner of the land never redeemed the same, that the purchaser at the tax sale finally obtained a deed to the land, and that the sale price of the land was not equal to, but greatly below, the original assessment. Consequently the appellees allege that in all events a deficiency in the original assessment occurred at that time, and that, notwithstanding such deficiency, the appellants failed to exercise the right of demanding the additional assessment, and neglected, for a period of more than three years before the present suit was commenced, to follow such demand with the necessary action in mandamus. Because of that failure, the appel-

lees declare that the action in mandamus is barred by the aforesaid statute of limitations. Perley v. Heath, 201 Iowa 1163, 208 N. W. 721.

It is first argued by the appellants that the statute of limitations did not run because it was the duty of the drainage district to provide a fund from which to pay the warrants, and that, such fund not having been supplied, the statute of limitations would not run; that is to say, the appellants argue that the statute of limitations does not commence to run until the officers in charge have raised a fund from which to satisfy the warrants, and then have refused to pay over such proceeds to the holders of the warrants. See Stockholders Investment Co. v. Town of Brooklyn, 216 Iowa 693, 246 N. W. 826, and cases therein cited.

Obviously, the appellants in the case at bar have overlooked the applicability of the rule of law discussed in the Stockholders Investment Company case and cases therein cited. According to the Stockholders Investment Company case, supra, the rule of law contended for by the appellants in the case at bar does not apply under the facts of this record. While discussing an analogous proposition, we said in Bodman v. Johnson County, 115 Iowa 296, reading on pages 297 and 298, 88 N. W. 331, 332:

"It was decided in the case of Mills County Nat. Bank v. Mills County, 67 Iowa 697, 25 N. W. 884, that action on such warrants (ditch warrants) may be maintained without regard to the existence of assets in the fund from which they are payable, and that the holder of the warrants is not justified in waiting for the county to take proceedings to collect the money due to the fund, but may have his judgment, and afterwards take steps for its enforcement. That case seems to be exactly in point here. But appellant calls attention to Wetmore v. Monona County, 73 Iowa 88, 34 N. W. 751 (cited and discussed in Stockholders Investment Co. v. Town, supra), in which it was said that a cause of action on a warrant payable 'out of any swamp land money not otherwise appropriated' only commenced to run when there was swamp money in the treasury from which the warrant might be paid. We think the distinction between the cases is that in the latter the county had no means of raising the fund out of which the warrant could be satisfied, and therefore was not in default in payment until there was money on hand, while in the case of the ditch fund there is authority for making additional assessments until the expenses payable out of the fund are satisfied (see Code, section 1950). (That reference was to an early Code. See

now section 7479 of the 1931 Code.) Therefore it was the duty of the county to raise the necessary funds, and plaintiff was not justified in postponing the bringing of his action until such funds were actually on hand. The duty imposed on the county treasurer to issue calls for outstanding warrants when he has sufficient funds on hand with which to pay such warrants * * * is one imposed for the protection of the county against the accruing of further interest on outstanding warrants, and does not authorize the holder of the warrant to postpone the bringing of his action in reliance on the failure of the treasurer to give such notice."

That discussion in the Bodman case, supra, disposes of the appellants' contention here. Under section 7479 of the present Code, an additional assessment can be made if the first assessment is not sufficient. Consequently, there is more than one source from which to pay the warrants. There is the original tax (see section 7477 of the 1931 Code, and other sections), and there is the supplemental tax authorized by section 7479 of that Code. These different sources for furnishing revenue to pay the obligations in question furnish the distinction between the Bodman case, supra, and Wetmore v. Monona County, supra.

Manifestly, therefore, the statute of limitations in the case at bar would commence to run under proper circumstances even though the drainage district, through the board of supervisors, had not levied, or otherwise provided for, the additional assessment to complete the fund from which the appellants' warrants are to be paid.

III. In the second place, it is argued by the appellants that in any event the statute of limitations has not run because the original assessment made for the warrants in question was to run over a period of ten years. Whether there is any law to thus extend the assessments for the payment of drainage warrants, as distinguished from drainage bonds, we do not now decide or suggest. But, for the purpose of discussion, it will be assumed that the appellants' theory at this juncture is based upon the law. The appellants, in accordance with this theory of the law, argue that, in view of the fact that the assessment to pay their warrants ran over a period of ten years, they could not have commenced an action in mandamus to force an additional assessment until the end of the ten-year period.

A second amendment to their answer was filed by the appellees. Therein the appellees allege "that the assessments levied over a

period of ten years were for the payment of bonds issued and not for the payment of warrants; that all of the original assessments, other than the assessments pledged to the payment of the bonds issued, except $1.50, were paid prior to the sale of the Domino lands and all assessments other than the assessments pledged to the payment of bonds were paid on warrants senior to the warrants of plaintiffs (appellants). * * * (After the sale of the Domino lands) no money remained in the hands of the treasurer to pay the plaintiffs' warrants, or any of them."

It was to that allegation in the appellees' amended answer, as well as to other allegations in the answer, that the appellants filed their motion to dismiss. Under their motion to dismiss, the appellants cannot utilize the allegations of the petition when such allegations are diametrically opposed to the aforesaid allegations in the appellees' amended answer. For the purposes of their motion to dismiss, the appellants must concede the truthfulness of the above-quoted allegations in the appellees' amended answer. Consequently, it is apparent, under the amendment mentioned, that there was no assessment at any time out of which to pay the warrants in question. Necessarily, then, the three-year statute of limitations lapsed more than three years before the institution of the action for mandamus. Whether the appellants have any other remedy we do not decide. See Board of Supervisors of Worth County v. District Court, 209 Iowa 1030, 229 N. W. 711. But, under the circumstances, they do not have the remedy by mandamus. Bodman v. Johnson County, supra. When determining this case, we do not decide what might be the result had the action been on a drainage bond or other obligation deferring payment over a period of years. Our discussion is limited to the facts raised under the motion to dismiss.

Wherefore, the judgment and decree of the district court must. be, and hereby is, affirmed.—Affirmed.

MITCHELL, C. J., and STEVENS, EVANS, ANDERSON, KINTZINGER. ALBERT, and DONEGAN, JJ., concur.