BOARD OF SUPERVISORS of Harrison County, et al., Appellants, v.
BOARD OF TRUSTEES of Pigeon Creek Drainage District
No. 2, Pottawattamie County, et al., Appellees.

No. 42846.

JANUARY 21, 1936.

REHEARING DENIED MAY 16, 1936.

Robertson & Wolfe, for appellants Board of Supervisors
and others.

George H. Mayne and J. J. Hess, for appellees Board of
Trustees, and Daniel E. Butler, George W. Collins, and H. Rief,
members, and H. W. Miller, clerk of board.

HAMILTON, J.—Pigeon creek runs in a southwesterly direc-
tion through Harrison and Pottawattamie counties, in this state,
emptying into the Missouri river in Pottawattamie county. There
have been organized along this natural water course three separate

drainage districts, all of which have their outlet through this creek. The lower district along the Missouri river is known as Pigeon Creek drainage district No. 2 of Pottawattamie county. Immediately north of it and adjacent thereto is district No. 8 of Pottawattamie county, which extends to the northern boundary of Pottawattamie county. Immediately north of this and adjacent thereto is Pigeon Creek drainage district in Harrison county, Iowa. So we have three drainage districts, two of which are in Pottawattamie county, and one of which is in Harrison county, Iowa. The supervision of drainage districts is by law vested in the board of supervisors of the county in which they are located, or the districts may elect trustees who shall have control and supervision of each particular district to the same extent as the board of supervisors of the county in which the district is located.

It seems that trouble developed at the lower end or outlet of this creek, and the board of supervisors of Pottawattamie county in 1924 and 1925, by proper and legal means, proceeded to clean out and widen the outlet of this ditch and assess the cost thereof to the lower district, being Pigeon Creek drainage district No. 2. Some of the property owners in that district took exception to the action of the board and appealed to the district court of Pottawattamie county; the contention of these property owners being that the upper district, No. 8, in Pottawattamie county, was benefited and should be assessed for its proportionate share of the cost of the improvement. The district court sustained the action of the board of supervisors and dismissed the appeal. The property owners appealed from this decision of the district court to the Supreme Court. See Mayne v. Board of Supervisors, 208 Iowa 987, 988, 223 N. W. 904, 225 N. W. 953. This court reversed the lower court, holding that the upper district, No. 8, received benefit and should bear its proportionate share of the expense, and remanded the case back to the district court, with directions that the board re-assess said land in accordance with the findings of the higher court.

Following this decision, the board of supervisors of Pottawattamie county appointed commissioners to make a re-assessment and re-apportionment, not only between the two districts wholly within Pottawattamie county, but among all three of these districts, one of which was over in Harrison county and which was not a party to the prior litigation. The commissioners

made the apportionment and reported back to the board of supervisors, and the board confirmed the report and directed the auditor of Pottawattamie county to send the claim to the Harrison county board of supervisors for the amount determined by the commissioners to be due from Pigeon Creek drainage district in Harrison County, with the request that the board of supervisors of Harrison county take such action as was necessary to levy an assessment upon the property owners within the Harrison county district. The Harrison county board of supervisors refused to make any assessment on the basis of the apportionment, or any other basis, whereupon an action in mandamus was brought by the board of supervisors of Pottawattamie county, acting for the Pigeon Creek drainage district No. 2 in that county, against the board of supervisors of Harrison county, to compel it to make the assessment necessary to pay said claim.

It developed in the trial of said case that part of the work was done in the year 1924 and the remainder of the work was contracted for and the work done in 1925. The district court of Pottawattamie county denied the Pottawattamie board any relief as against the Harrison county board, and dismissed the mandamus suit. The board of supervisors of Pottawattamie county appealed to this court. It was held by this court, in an opinion by Justice Kindig, that, as to the claim for work which was done in 1924, the decision of the lower court was reversed, and, as to the cost of the improvement done under the contract let in 1925, the decision was affirmed; the basis of the distinction being a change in the law with reference to the apportionment and classification of the costs of such improvement. Prior to the Code of 1924 the apportionment and classification was made according to the volume of water discharged through the various ditches. In October, 1924, which was before the 1925 work had been authorized and contracts therefor let or entered into, this statute was changed and amended to the effect that "each district shall be assessed for the cost of such work in proportion to the benefits derived." Section 7563 of the 1924 Code (which is the same section in the 1931 Code). And, since the apportionment and classification of the entire improvement had been made according to the volume of water, as provided by law prior to the Code of 1924, without taking into account the change in the law, it necessarily resulted that the apportionment and classification was erroneous and invalid, in so far as the cost of improve-

ment for the work done in 1925 was concerned. See Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, 214 Iowa 655, 683, 241 N. W. 14, 26. The concluding paragraph of the opinion in that case is as follows:

"Because of our conclusion in this case, it is apparent that the action of the district court in refusing to levy an assessment on the lands in the Harrison county district to cover the alleged portion of the costs for the 1925 improvement in Drainage District No. 2 must be affirmed, but the action of that court in disallowing the apportionment of costs for the 1924 improvement in that district is reversed. In fact, the allowance of the costs was made by the Pottawattamie board of supervisors in drainage district No. 2. Therefore, under the circumstances, the only action the Harrison county board can take is to spread an assessment over the lands in the Harrison county district to raise funds for the proper portion thereof, as determined by the Pottawattamie county board. It is not certain whether the district court can separate the items of 1925 from those of 1924. If not, it may take further testimony on that particular point alone, and *for that purpose only* the cause is remanded."

It will thus be observed that the only purpose for which that case was remanded was to determine, if necessary, by introduction of additional testimony, just how much of the cost of the work was incurred under the 1924 contract, so that judgment could be entered for the amount of cost of the work done in 1924, in accordance with the holding of the court. The record in the case at bar fails to show what was done by the district court in reference to the cost of the work for 1924 after the case was remanded. We must indulge the presumption that the lower court followed the direction of the mandate of this court and entered judgment for the proper proportion of the cost of the work which was done in 1924 against each of the three districts. If, and when, that was done, the result was to fully adjudicate all matters involved in the appeal presented to this court in that case, which included not only the cost of the improvement for the work done in 1924, but likewise included the cost of the work done in 1925.

Instead of this ending the controversy, we find that, shortly before the opinion was handed down in the above case, the property owners of Pigeon Creek district No. 2 held an election and

elected trustees, in accordance with the provisions of chapter 358 of the Code (section 7674 et seq.). There is no claim but that the trustees were duly elected and organized according to law. By this action of the beneficial property owners of Pigeon Creek drainage district No. 2 of Pottawattamie county, the board of supervisors of that county was supplanted by the board of trustees so elected, in so far as the future control, supervision and management of said district was concerned. This board of trustees held a meeting, and passed a resolution, by which they found and determined that the cost of the work done in the year 1925 was $16,678.66, with interest thereon from November 1, 1929, and that said sum should be apportioned among all three of said districts in accordance with the benefits derived as contemplated by the provisions of section 7563 of the Code. Three commissioners were duly appointed to apportion said sum among the three drainage districts. The commissioners made their report and apportioned 17 per cent of the cost of said improvement to Pigeon Creek drainage district in Harrison county, 43 per cent to district No. 8 in Pottawattamie county, and 40 per cent against district No. 2 in Pottawattamie county. To this report objections were filed by the board of supervisors of Pottawattamie county on behalf of district No. 8 in that county and by the board of supervisors of Harrison county on behalf of the district in Harrison county. All objections were overruled, and the report of the commissioners was confirmed by the board of trustees of the Pigeon Creek drainage district No. 2. The boards of supervisors of both counties appealed to the district court. On June 5, 1934, a decree was entered by the district court dismissing said appeal. From this decree of the district court, an appeal has been taken to this court by the board of supervisors of Harrison county, the individual members of said board, and Pigeon Creek drainage district in that county.

The objections urged before the board of trustees may be summarized as follows: (1) That the board of trustees had no authority or jurisdiction to hear and determine any of the matters or to take any action as to any of the matters presented by the report. (2) That the appointment of the commissioners by the board of trustees was illegal and without authority of law, beyond the jurisdiction of said trustees and void, and that the apportionment made was not binding upon Harrison county. (3) That the apportionment was unjust, illegal, and inequitable

342

as against Pigeon Creek drainage district in Harrison county. (4) That section 7563, "and the sections following," of the 1924 and 1931 Codes of Iowa, are null and void, for that they are unconstitutional and in violation of the equal protection clause and the due process clause of the Fourteenth Amendment to the Constitution of the United States. (5) That the only way provided by law for the apportionment of such costs, where districts are situated in more than one county, is contained in chapters 354 (section 7599 et seq.) and 354-A1 (section 7626-a1 et seq.) of the Codes of 1924 and 1931, providing for converting intracounty districts into an intercounty district; therefore the trustees have no authority or jurisdiction to make any apportionment of the costs or to take any action in regard to said costs and expenses of said improvement. (6) That said claim for said costs and expenses is now barred by the statute of limitations.

Transcript of all the proceedings before the board of trustees was duly certified by the clerk of said board of trustees to the district court, and the case docketed as an action in equity and tried on said transcript; no petition being filed. However, there was no objection raised on the ground that no petition was filed. The lower court dismissed the appeal and confirmed the action of the trustees, and, from this decree an appeal has been taken to this court. A reading of the decree would indicate that the trial court as well as the trustees had a misconception of the effect of the holding of this court in the case of Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, 214 Iowa 655, 241 N. W. 14. We find this language in the decree of the trial court:

"The decision of the Supreme Court finally disposed of the assessment against the Harrison County District for the cost of the repairs made in 1924, and remanded the case to the District Court to *apportion the costs for the improvements made in 1925 among said three districts.*"

This is exactly what this court in that opinion was careful not to do. That case was remanded for the sole and only purpose of determining what portion of the cost of the improvement was for work done in 1924, and the case was remanded for that purpose alone, and there is nothing said in the opinion in that case to the effect that the case was remanded to the district court for

the purpose of apportioning the cost of the improvement made in 1925. The decree continues:

"On December 22nd, 1932, after this case was decided by the Supreme Court, and *in order to carry out the terms of its decision*, the Board of Trustees of said District No. 2 appointed commissioners to apportion the cost of said improvements made in 1925 among said three districts."

There was no such mandate in the decision of this court in said case. It is true the amount of the cost of the entire improvement for both years was involved in said prior case and the apportionment for 1925 was held illegal because not made in accordance with the benefits conferred, as provided by section 7563 of the Code. That constituted a complete and final adjudication with reference to the claim covering the cost of the improvement made in the year 1925.

Pigeon Creek drainage district No. 2 of Pottawattamie county is back here again with the same claim, based upon what they now contend is an apportionment of the cost of the improvement done in 1925 according to the benefits. The district in the former case was represented by the board of supervisors of Pottawattamie county. The district in this case is represented by the successor of said supervisors in representation, namely, the board of trustees of said district No. 2. Appellants urge against the decree of the trial court all the objections made before the board of trustees, and, in addition thereto, urge *res adjudicata*—their chief complaint, however, being that the board of trustees had no authority to bind a district outside of its own county; that the trustees were disqualified because they were freeholders in district No. 2; that the only method of procedure provided by the statutes of this state where districts are in two different counties is by converting them into an intercounty district organization, under the provisions of chapter 354-A1 of the Code; and, in the alternative, they contend that, even though such trustees were authorized to make the apportionment, there is no evidence in the record that the apportionment was made in accordance with the benefits.

One of the objections urged before the board of trustees was that the claim of Pigeon Creek drainage district No. 2 against Harrison county for said costs and expenses was barred by the statute of limitations, and we will first give our attention to the

determination of this question. This point is not pressed in argument but is an issue in the case, and, as we view the law, is a complete defense to appellees' right to recover. This is a trial de novo, and we are required to consider all questions of fact or law raised by the issues in the trial court. Manning v. Ottumwa Auto Co., 210 Iowa 1182, 1187, 232 N. W. 501; Geil v. Babb, 214 Iowa 263, 267, 242 N. W. 34. When did a cause of action or right to recover for the proper portion of the costs of this improvement accrue to Pigeon Creek drainage district No. 2 against Pigeon Creek drainage district in Harrison county? It is conceded that the work was done in 1925. After the work was done, the board of supervisors of Pottawattamie county found and determined the amount of the costs of said improvement and apportioned the entire cost against said district No. 2, instead of apportioning it among all three districts. If the right existed to apportion the same against Pigeon Creek drainage district in Harrison county, it existed at that time when the first apportionment was made in 1925. This court held, in the case of Mayne v. Board of Supervisors, 208 Iowa 987, 223 N. W. 904, 225 N. W. 953, that the right existed, and that Pigeon Creek drainage district No. 2 had a valid claim against the upper districts. Will the fact that the board of supervisors made a mistake in the manner of determining the proper apportionment of the costs to be recovered toll the statute of limitations?

After the Mayne case, supra, was remanded, with directions that the board re-assess the land in both district No. 2 and district No. 8 in Pottawattamie county, a new classification and apportionment was made not only between district No. 2 and district No. 8 in Pottawattamie county, but such apportionment included Pigeon Creek drainage district in Harrison county. The Pottawattamie county board of supervisors on November 1, 1929, reviewed the findings of the commissioners and made an apportionment among the three districts in accordance with the recommendation of the commissioners appointed to make the reapportionment, but again they made it on the wrong basis, as to the work done in 1925, as was determined by this court in the case of Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, 214 Iowa 655, 241 N. W. 14. The question of the bar of the statute of limitations was not an issue in that case. On December 22, 1932, when the last apportionment was made according to the benefits, in accordance with

the statute in force when the work for 1925 was done, more than five years had elapsed since the claim arose and the right of action accrued thereon in favor of Pigeon Creek drainage district No. 2. We know of no statutory provision applicable which would toll the statute of limitations or which would preserve appellees' cause of action until the apportionment of said costs was made in accordance with the statute.

It must be kept in mind that the former suit of Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, supra, was a mandamus suit to compel the board of supervisors of Harrison county to levy an assessment against the land in the drainage district in that county for the proportionate share of said costs that were apportioned to that district, while this suit is an appeal from the order of the board of trustees of Pigeon Creek drainage district No. 2 of Pottawattamie county, confirming the report of the commissioners appointed to make a reappraisement and apportionment of the cost of said improvement made in the year 1925 among said three districts, which final order of the board of trustees was made on February 4, 1933, and under the statute such appeals are triable as in equity. Code, section 7522; also Code, section 7559. The order recites:

"* * * that the Auditor of Pottawattamie County, Iowa, furnish and send to the Board of Supervisors of Harrison County, Iowa, a copy of this order and request that Board to take such proceedings as may be necessary to assess and levy upon the lands, highways, railroad rights of way and railroad companies owning the same and the property subject to assessment in said Pigeon Creek Drainage District in Harrison County, Iowa, the sum of money above set forth that is apportioned to said drainage district in Harrison County in manner as required by statute," etc.

A similar request or demand was made in 1929 at the time the second apportionment was made. If this claim was barred by the statute of limitations, then there existed no legal claim against Harrison county or Pigeon Creek drainage district in Harrison county which could be the proper basis of an order directing Harrison county to levy an assessment for the payment of such apportionment.

In the case of Prescott v. Gonser, Auditor, etc., 34 Iowa 175,

179, a mandamus suit to compel the auditor to affix the seal of the county to certain warrants and to which action demurrer was filed on the ground that the action was barred by the statute of limitations, the court said:

"It is insisted, by appellant's counsel, that the right of action did not accrue against the defendant until demand of performance and refusal, which is alleged to have occurred on the 25th day of October, 1870, and that the statute then only commenced to run. That the action of mandamus cannot be maintained until there has been a refusal to perform the official duty sought to be enforced is true, but to hold that a plaintiff, who has a right to demand performance at any time, may delay such demand indefinitely, would enable him to defeat the object and purpose of the statute. It is certainly not the policy of the law to permit a party, against whom the statute runs, to defeat its operation, by neglecting to do an act which devolves upon him, in order to perfect his remedy against another. If this were so, a party would have it in his own power to defeat the purpose of the statute in all cases of this character. He could neglect to claim that to which he is entitled, for even fifty years unaffected by the statute of limitations, thereby rendering it a dead letter. In such a construction of the statute we cannot concur.

"In Baker v. Johnson County, 33 Iowa 151, it was claimed, by counsel for plaintiff, that since the law gave him the right to sue the county only after he had presented his claim to the board of supervisors, and they had refused to allow it, the statute of limitations did not commence to run until such demand and refusal; *but it was held, that the presentation of his claim to the board was a preliminary act, devolving upon him in the institution of the proceedings for the collection of his claim against the county, which he might do at any time after his claim matured, and hence the statute commenced to run from the time of the maturity of the debt.*" (Italics ours.)

This case was cited with approval in the case of Lovrien v. Oestrich, 214 Iowa 298, 242 N. W. 57, a suit on a demand note, where the court held that:

"A creditor may not by his own act or neglect delay or postpone the running of the statute."

In the case of Wilson v. Stipp, 194 Iowa 346, at page 351, 189 N. W. 665, 666, our court cited with approval this statement from 25 Cyc. 1199:

"Where, although the cause of action itself has accrued, some preliminary step is required before a resort can be had to the remedy, the condition referring merely to the remedy, and not to the right, the cause will be barred, if not brought within the statutory period; therefore the preliminary step must be taken within that period." See, also, Lougee v. Reed, 133 Iowa 48, 110 N. W. 165.

In the case of Lenehan v. Drainage District, 219 Iowa 294, 297, 258 N. W. 91, 92, an action in mandamus brought by the holders of certain drainage warrants against the drainage district to compel them to levy an assessment for a deficiency, the defendants pleaded the statute of limitations and alleged that, "notwithstanding such deficiency, the appellants failed to exercise the right of demanding the additional assessment, and neglected, for a period of more than three years before the present suit was commenced, to follow such demand with the necessary action in mandamus," and we held the action was barred. See, also, Stockholders Investment Co. v. Town of Brooklyn, 216 Iowa 693, 246 N. W. 826.

It is also necessary to keep in mind that the trustees of the Pigeon Creek drainage district No. 2 had no legal right to *make an assessment* for said costs against the property owners in Pigeon Creek drainage district in Harrison county. The right to levy the tax does not exist outside of the county in which the district is located. That right was in the board of supervisors of Harrison county. The right to make the improvement and to determine and fix the amount due from each district under the terms of the statute, according to our prior holdings, was with the board of supervisors in the county where the district in which the repairs, etc., were made was located, or, in this instance, with the board of trustees of Pigeon Creek drainage district No. 2 in Pottawattamie county. When that was done, a claim originated against the district in the other county. To say that that claim could lie in abeyance from 1925 until December 22, 1932, before a proper apportionment of the cost was determined, as by law provided, and that the statute of limitations did not begin to run until such apportionment was properly

348

made, is contrary to reason and not sound in principle, and is not supported by any authority brought to our attention, and is in fact contrary to the holdings of this court in the cases heretofore referred to, and appellees have cited us to no authority to the contrary.

It therefore follows that the action was barred by the statute of limitations, and the case must be reversed. The conclusion we reach upon this question makes it unnecessary for us to pass upon the other questions presented and argued in this case.— Reversed.

DONEGAN, C. J., and ANDERSON, KINTZINGER, PARSONS, and ALBERT, JJ., concur.